No. 44.—BENNETT ADAMS, plaintiff in error, *vs.* THE JUSTI-
CES OF THE INFERIOR COURT OF DOUGHERTY COUNTY, de-
fendants in error.

> It is the duty of the *Collector*, and not the Receiver, to make the assessment,
> both for State and county purposes, upon the' taxable property of the
> county. And an agreement by the Inferior Court that the service shall be
> performed by the Receiver is void, and will not be enforced.

Petition for mandamus, in Dougherty Superior Court.
Before Judge ALLEN, June Term, 1859.

This was an application by Bennett Adams, Receiver of tax
returns for Dougherty county, for a *mandamus* against the
Justices of the Inferior Court, to compel them to give an
order on the Treasurer of said county, to pay petitioner the
sum of $408 97, which he claimed as commissions for as-
sessing and making out a digest of the county taxes for the
year 1854; the county taxes for said year amounting to
$10,224 39, being two hundred per cent. on the State tax.

The Justices of the Inferor Court answered the petition,
and admitted the facts therein stated, but denied that peti-
tioner was entitled to the commissions which he claimed on
the amount of taxes assessed for the county.

After hearing argument, Judge ALLEN refused the manda-
mus and dismissed the petition: and counsel for petitioner
excepted.

SMITH; SCARBOROUGH, for plaintiff in error.

STROZIER & SLAUGHTER, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

By the general law, three digests of taxable property are
to be made out by the Receiver, one of which is to be trans-
mitted to the Inferior Court of the county. *Cobb*, 1045.

By the Act of 1853, (*Pamphlet*, 298,) the Inferior Court

Dougherty county is clothed with power to levy and collect an extra tax for county purposes, of such per cent. on the State tax as to the said Court may seem necessary and proper. The Inferior Court, under this act, levied an extra tax, and directed the *Receiver* to make the assessment. He did so, and they now refuse to pay him; and he applies for a mandamus. We are clear that it ought not to be granted. The Inferior Court had no power to pass the order. The Receiver was not bound to obey it. If he did so, the act was voluntary, and so must be his compensation. The Collector would not be protected in collecting the tax upon the Receiver's assessment, unless he adopted it as his own. He could not be deprived of his fees for performing this service.

It is hard that the Receiver should go unpaid; but the power of this Court can never be invoked to coerce an inferior judicatory to do an unlawful thing, one, at least, which is without authority of law.

The public have an interest in being protected against the wrongful acts of its officers and agents. When the people elected the Collector, he was entitled to all the emoluments of the office to which he was chosen, and it is not in the power of the Court to give them to another.

Judgment affirmed.