## C. H. GRAHAM v. HENRY E. COWGILL.

1. COUNTY TREASURER; *Removal from Office.* In the absence of any judgment against a county treasurer on his official bond, the board of county commissioners cannot remove such county treasurer from office and fill his place by the appointment of some other person.

2. ————— *How Office may be Vacated.* Where a county treasurer has by acts and omissions forfeited his right to further hold the office of county treasurer, (within the meaning of §180 of the act relating to counties and county officers,) the office does not thereby become vacant, but becomes vacant only by the judgment of a court of competent jurisdiction in an action in the nature of *quo warranto* instituted for the purpose of effecting the removal of such county treasurer from office.

### *Original Proceedings in Quo Warranto.*

GRAHAM filed his petition in this court, claiming that he was legally the county treasurer of Coffey county, and entitled to the possession of the office. The facts material to the decision were undisputed, and are sufficiently stated in the opinion. No briefs on file.

*Ruggles & Sterry,* for plaintiff.

*Allison & McConnell,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This is an action in the nature of *quo warranto* brought originally in this court by C. H. Graham, as plaintiff, against Henry E. Cowgill, to have determined their respective claims to the office of county treasurer of Coffey county. The material facts are, in brief, substantially as follows: On the 15th of November, 1873, the plaintiff was the duly elected, qualified and acting county treasurer of said Coffey county. On that day the board of county commissioners of said county declared said office vacant. On the 17th of November, 1873, said board appointed Henry E. Cowgill treasurer of said county to fill said supposed vacancy. Said Cowgill gave bond, duly qualified, and on the 21st of November, 1873, took possession of said office. Upon these

facts, who is entitled to the said office of county treasurer? We think that the plaintiff is unquestionably entitled to the office. The county board had no right in such a case to declare said office vacant. They can do so only where a judgment has been rendered against the treasurer on his official bond. (Gen. Stat., 294, § 179, sub. 8.) No such judgment was ever rendered in this case. Nor is it claimed that any judgment of any kind has ever been rendered against treasurer. It is not claimed that said office had become vacant under § 179 of the act relating to counties and county officers, (Gen. Stat., 294,) nor is it claimed that it became vacant under any other law except § 180 of said act. (Gen. Stat., 294.) That section provides that—

"If any * * * county officer shall neglect or refuse to perform any act which it is his duty to perform, or shall corruptly or oppressively perform any such duty, he shall forfeit his office, and shall be removed therefrom by civil action in the manner provided in the code of civil procedure."

Now, for the purposes of this case we shall assume that the plaintiff neglected and refused to perform certain acts, and that he corruptly and oppressively performed certain other acts, whereby he forfeited his said office. But the office did not thereby become vacant. He simply forfeited his right to further hold said office; and the state (and no one else) had a right, by a civil action under the code in the nature of *quo warranto,* to remove him therefrom. (Gen. Stat., 759, 760, 761; Laws of 1871, pp. 276, 277.) And until he should be removed therefrom by such civil action no vacancy would occur. The vacancy occurs only by the judgment of some court of competent jurisdiction. A county officer cannot be ousted from his office for any supposed neglect of duty until after he has had a fair trial before some court of competent jurisdiction, and judgment has been rendered against him. Judgment in this case will be entered in favor of the plaintiff.

All the Justices concurring.