THE STATE *ex rel.* CROW, *Attorney-General*, v. HARRISON.

Division One, July 6, 1897.

1. **Public Schools:** APPOINTMENT OF INSTITUTE BOARDS. The subject-matters of the appointment of teachers' institute boards do not pertain to private rights alone, but under the provisions of the law are matter of such public concern as justify the Supreme Court in taking cognizance of it upon the petition of the Attorney-General, in any appropriate proceeding.

2. ——— : ———: MINISTERIAL ACTS: CERTIORARI. The appointment of members of a teachers' institute board by the county court is an administrative or ministerial act, and not a judicial proceeding; *and* a writ of *certiorari*, being allowable only for the review of acts partaking of a judicial character, is not the appropriate proceeding for testing the legality of such an appointment.

3. ——— : ———: RIGHT OF COMMISSIONER. The county commissioner has the right to be heard, in the way of giving counsel and suggestion, under the law directing the county court, "by and with the advice of the county commissioner," to appoint two competent persons on the county institute board. But he has no further right. The appointing power is vested in the county court, and it may reject or accept the advice of the commissioner.

*Certiorari.*

PROCEEDINGS QUASHED.

*Edward C. Crow,* Attorney-General, and *W. S. Pope* for relator.

(1) The remedy is the proper one to pursue in this case. We have no statute in this State regulating

the practice on proceedings by *certiorari*, and are to look to the common law for a guide in such cases. *State ex rel. v. Slover*, 113 Mo. 211; *Railroad v. Morton*, 27 Mo. 317. (2) The object of the writ is to keep inferior judicatories in the bounds of their jurisdiction and the writ would lie, though there be another remedy. *State v. Dowling*, 50 Mo. 134. (3) The order of the court, appointing the county institute board to act with the county commissioner for the year 1897, contains no statement by which it can be inferred the court in any, manner advised with or received counsel or advice from the county commissioner about the appointments. The act of the legislature, Acts of 1893, page 255, section 10, requires such appointments to be made "by and with the advice of the county commissioner." The county court should appoint the institute board from among the men and women named by the county commissioner. (4) The record shows that on the twenty-sixth of April, 1897, the court met in special session, that only the judges and county clerk were present (no sheriff), and appointed a constable and members of the county institute board. No mention in the record of the county commissioner being present. Section 3430, Revised Statutes 1889, provides that "the president or any two judges of the county court may order a special term whenever the business and interests of the county may require it; and section 3431 requires notice of such special term shall be given to the judges who were absent when the same was ordered, and by advertisement placed up in five public places in the county, at least five days before the commencement of such term. The record should show affirmatively that such term was called and the notice given. The county court is a court of inferior and limited jurisdiction. There are no presumptions in its favor. It could not have convened legally without a compliance with sections 3430

and 3431, and could not have legally transacted any business when they did so meet. *State ex rel. v. Moniteau Co. Ct.*, 45 Mo. App. 387; *State ex rel. v. Edwards*, 104 Mo. 125; *State ex rel. v. Mayor and Board of Aldermen*, 57 Mo. App. 192; *State ex rel. v. Smith*, 101 Mo. 174.

*Moore & Williams* for respondents.

(1) *Certiorari* will not lie in a case of this kind. Such act of the county court is purely ministerial, and not a judicial proceeding, and therefore not the subject of review by writ of *certiorari* from the Supreme Court. *In re Saline County Subscription, Phillip Thompson et al.*, 45 Mo. 52; *Phelps Co. v. Bishop*, 46 Mo. 68; *State ex rel. v. Edwards*, 104 Mo. 125; 3 Am. and Eng. Ency. of Law, title "Certiorari;" *Owens v. Andrew Co.*, 49 Mo. 372; *Vitt v. Owens*, 42 Mo. 512. (2) The writ performs the functions of an appeal, or writ of error, hence ordinarily it will not be granted when neither of these will lie. *Britton v. Steber*, 62 Mo. 370; *Railroad v. Board of Equalization*, 64 Mo. 294; *State ex rel. v. Powers*, 68 Mo. 320. (3) The record imports absolute verity as to the entries and orders made therein. There is no presumption against the regularity of the proceedings of the county court, or the holding of its special session, at which time the action complained of was had. *State ex rel. v. Smith*, 101 Mo. 174; *Railroad v. St. Louis*, 92 Mo. 160; *State ex rel. v. Mayor of Neosho*, 57 Mo. App. 192. (4) A motion to quash will lie. *State ex rel. v. Dowling*, 50 Mo. 134; *In re Saline Co. Subscription*, 45 Mo. 52; *State ex rel. v. City of Kansas*, 89 Mo. 34. (5) The petition shows that Lee Jordan is the real party in interest, and he should be the relator, as would be the case on an appeal. *Foster v. Dunklin*,

44 Mo. 216. (6) This action is brought to test the right to an office. The persons appointed as members of the institute board are not made parties, and this form of action will not lie to oust them from office. *State ex rel. v. Chosen Freeholders of Camden Co.*, 1 Cent. Rep. 436. (7) The only thing necessary for the record to show is that the court made the appointment. The expression, "by and with the advice of the county commissioner," simply directs the county court to advise with him; the presumption is that the court did so. If they did not, their action would still be valid, as they have the appointing power.

MACFARLANE, J.—On the application of the State at the relation of the Attorney-General, a writ of *certiorari* was issued from this court directing the respondents, who are the judges of the county court of Miller county, to certify to this court the record of their proceedings, as such judges, in the matter of the appointment of W. C. Howell and H. A. Wieneke as members of the "county institute board" of Miller county. The charge of the Attorney-General is that Lee Jordan is the school commissioner of Miller county and respondents as judges of the county court of said county at an alleged special term of said court, held on the twenty-sixth day of April, 1897, unlawfully and illegally appointed said members of the county institute board without the advice of the said Lee Jordan as county commissioner.

To the writ the respondents have made return accompanied with a certified transcript of the record and proceedings of said court in the matter of making such appointments, which is as follows:

"April Special Term, 1897. Monday, April 26, 1897. 1st day of term.

"Be it remembered that the county court met in

special term begun and held at the court house in the town of Tuscumbia on the 26th day of April, 1897.

"HON. W. M. HARRISON, Presiding Judge.

"HON. J. N. DOOLEY, Judge 1st Dist.

"HON. T. J. ATWELL, Judge 2nd Dist.

"W. M. STARLING, Co. Clk.

"After Court had been opened the following proceedings were had."

Then follows the appointment of a constable to fill a vacancy in Equality township after which is the following entry:

"County Institute Board Appointed. It is ordered by the court that Wm. C. Howell of Ulmon and H. A. Wieneke of Olean be and they are hereby appointed members of the county institute board to act with the County School Commissioner for the year 1897, and that the clerk notify them of their appointment.

"Ordered that court adjourn until court in course.

"W. M. HARRISON, Presiding Judge.

"And afterward at the regular May Term, 1897, of said county court of Miller county, Missouri, beginning the 3rd day of May, 1897, all of the above named judges of the county court being present, among other proceedings the following were had as appears by the records and files of said court:

"On Saturday the 8th day of May, 1897, being the 6th day of the term, the following petition was presented to the court:

" 'In the County Court of Miller County, Mo.

" 'To the County Court of Miller County:

" 'The undersigned school commissioner of Miller county most respectfully prays that your honorable body will at once set aside and vacate the order by you made on the 26th day of April, 1897, in the appointment of Wm. C. Howell and H. A. Wieneke as members of the county institute board of said county

of Miller, because said appointment was made without my advice as school commissioner, is an injustice to me, and was made without authority of law.    Respectfully submitted.

" 'LEE JORDAN.'

"Which petition is indorsed on the back as follows: 'In the matter of the appointment of members of the Institute Board of Miller County.    Application of Lee Jordan to have said order of appointment vacated.    Filed May 8, 1897, W. M. Starling, Clerk.'    And thereupon the said court caused to be made the following order and entry of record which appears on Page No. 495 of Book "K" of the county court records: 'Now at this day comes Lee Jordan, School Commissioner of Miller county, by T. B. Robinson, his attorney, and files his petition praying that the court vacate the order heretofore made appointing the members of the county institute board for the year 1897, and the court being fully advised in the matter and having duly considered the same, denies the prayer of the petitioner.' "

Respondents charge further that at the time of the appointment of the members of the county institute board the said Lee Jordan was present in court advising in the matter of such appointment.

Respondents file a motion to quash the writ upon the grounds:    *First.*    The Attorney-General had no authority to make the application at his own relation. *Second.*    The application could only be made at the relation of the commissioner Lee Jordan.    *Third.* The acts of the county court in making the appointments were ministerial and not judicial.    *Fourth.* The county court had jurisdiction to make the appointment under the laws of this State.

Section 10 of the Act of 1893, relating to teachers' institute, contains this provision: "It shall be the duty

of the county court in each county on or before the first day of May of each year, to appoint, by and with the advice of the county commissioner, two competent persons, who, together with the county commissioner, shall constitute the county institute board '' Acts 1893, p. 255.

I. It is insisted in the first place that the Attorney-General under the practice governing the issuance of writs of *certiorari*, had no authority to apply for the writ at his own relation, for the reason that the subject-matters sought to be remedied pertain to private rights alone.

The objects of the institute law is to train and license teachers for our public schools. The institute boards have charge of teachers' institutes, they appoint conductors and instructors in the county institutes, fix their compensation, and fill all vacancies that may occur by resignation or otherwise. The free education of the children of the State is one of the most important and prominent features of our State government. Every citizen is directly interested in the character and qualifications of the teachers employed and are necessarily interested in the character of the members of the county institute boards by which the teachers are indorsed and recommended to the public. We are of the opinion, therefore, that the regular appointment of institute boards under the provisions of the law is a matter of such public concern as justifies the court in taking cognizance of it, in any appropriate proceeding, upon the petition of the Attorney-General.

II. It is next insisted by respondents that in the appointment of members of institute boards the county courts act in a ministerial or executive, and not in a judicial capacity, and their acts can not be reviewed by *certiorari*.

The rule is, as contended, almost invariable that

the writ will only lie for the review of acts partaking of a judicial character, and will not lie for mere ministerial and executive acts. 4 Ency. of Pl. and Prac. 74–79. *Thompson et al. Petitioners*, 45 Mo. 54.

It is difficult, if not impossible, to deduce from the authorities any rule by which to determine what are, and what are not, judicial acts. County courts are undoubtedly judicial bodies, and in many matters they act judicially, but calling them courts, giving them a clerk and seal, and requiring them to keep a record of their proceedings, do not make their acts judicial. In most matters that come before them, they act as mere agents, or representatives of the county, and their acts are purely administrative. Whether they act judicially in any matter, depends upon the nature of the act. For illustrations, see *Thompson et al., supra*, and cases cited.

The writ of *certiorari* has been held by this court to be the appropriate proceeding for reviewing the action of an inferior court, or other body, in the removal of an officer for cause. *State ex rel. v. Slover*, 113 Mo. 202. In such case a trial and judicial determination is necessary.

The general rule, however, seems to be that the mere appointment of an officer, or person to discharge some public function, is an administrative and not a judicial act and is not reviewable by *certiorari*. *Attorney-General v. Mayor*, 143 Mass. 589; *People v. Bush*, 40 Cal. 344. In the former case the court says: "The appointment of police officers by the municipal authorities of a city, can not, in any just sense, be called a judicial proceeding. It is an important duty, and, like most administrative duties, involves the exercise of judgment and discretion; but it is administrative, not judicial in its character. No one has the right to be heard, and their decision is not, within the meaning

of the law, an adjudication or judicial determination of any question or of the rights of any parties.''

On the other hand it is held in New York that the appointment of a constable by three justices is a judicial act, "for the justices must first determine and adjudge that there is a vacancy in the office, and that the town neglected to fill it up." *Wood v. Peake*, 8 Johns. 69.

Section 10 of the institute law requires the county court "to appoint, by and with the advice of the county commissioners, two competent persons, who, together with the county commissioner, shall constitute the institute board." In what respect the act of the county court is judicial we are unable to see. It is true, judgment and discretion must be exercised in making the appointments, but not more so than in allowing demands against the county, repairing public buildings, or approving the bond of the sheriff, and these are all administrative and not judicial acts. *State ex rel. Adamson v. Lafayette Co.*, 41 Mo. '221; *Vitt v. Owens*, 42 Mo. 512.

It is also true that the school commissioner has the right to be heard, by way of counsel and suggestion, but no further. The appointing power is vested in the court, and it may, in the judgment and discretion of the judges, adopt or reject the advice of the commissioners. There is no judicial determination of the rights of the commissioner or of any other parties that would make the act judicial in its character.

The county court, in our opinion, was acting in an executive capacity and its proceedings can not be reviewed by *certiorari*. The writ is therefore quashed. ROBINSON and BRACE, JJ., concur. BARCLAY, P. J., concurs in the result for the reasons expressed by himself.

### SEPARATE MEMORANDUM.

BARCLAY, P. J., concurs in the result for these reasons:

The record of the county court does not show that the appointment of the members of the county institute board was made without the advice of the school commissioner. We therefore should assume that it was made with said advice, and according to law, as all public officers are presumed to have acted rightly until the contrary appears.

On *certiorari* to review an appointment of this sort the record is the only matter to be considered, and where it shows that the court had power to make the appointment, and certainly where it also fails to show any deviation from the course marked out by law for making the appointment, the latter can not be quashed for any matter outside the record under review.

Whether or not the power exercised in such an appointment is judicial or administrative seems to me immaterial, for even assuming it to be judicial (as the moving parties here claim) the *certiorari* should nevertheless be quashed for the reasons above given.