Baughman v. Nation.

SAMUEL BAUGHMAN V. C. S. NATION.

No. 15,443. (92 Pac. 548.)

SYLLABUS BY THE COURT.

1. OFFICE AND OFFICERS—*Quo Warranto*—*Parties.* A person in the undisturbed possession of the office of police judge of the city of Chanute cannot maintain an action in the nature of *quo warranto* to oust the judge of the city court of Chanute, who holds his office under the provisions of the act establishing that court (Laws 1907, ch. 179), merely because such person suffers a loss of fees incident to the prosecution of offenders against the city ordinances in the new court.

2. ——— *Constitutionality of Act Not Determined.* For the reasons stated above the constitutionality of the act referred to is not determined.

Original proceeding in *quo warranto.* Opinion filed November 9, 1907. Dismissed.

*A. S. Lapham,* and *Keplinger & Trickett,* for plaintiff.

*H. P. Farrelly, T. R. Evans, John J. Jones, S. C. Brown,* and *B. H. Grigsby,* for defendant.

The opinion of the court was delivered by

BENSON, J.: This is an original proceeding in *quo warranto,* relating to the office of police judge of the city of Chanute. The plaintiff in his petition says:

"That he was duly elected police judge of the city of

Chanute, Neosho county, Kansas, at the election held in said city in April, 1905, for a period of two years; that he entered upon the duties of his office after duly qualifying therefor, and continued until on or about the first day of March, 1907, when the said C. S. Nation, defendant, usurped the duties of said office, unlawfully intruded into the same, unlawfully took possession of all the papers thereof, and since said first day of March, 1907, has been unlawfully exercising the duties of said office and enjoying the rights, privileges and franchises of said office, to the damage and prejudice of said city of Chanute and said plaintiff, and against the peace of the state.

"Wherefore said plaintiff prays judgment that the said defendant be declared not entitled to said office, and that he be ousted therefrom, that said plaintiff be declared entitled to said office and reinstalled therein, that he have such other relief as he may be entitled to, and costs of this suit."

The answer contains a general denial, and also a specific denial that the defendant has usurped the duties of police judge, or intruded into the same, or unlawfully taken the papers, or unlawfully exercised the duties, privileges and franchises thereof. The answer also pleads chapter 179 of the Laws of 1907, creating the city court of Chanute, and alleges that the defendant was appointed, and was, and is, acting as city judge under its provisions.

The case was submitted upon an agreed statement of facts, as follows:

"(1)   That the city of Chanute is a municipal corporation, a city of the second class, situated in Neosho county, has a population of 8746, which does. not include several additions adjacent to said city, containing several hundred people; that at the time of the passage of the law referred to in the defendant's answer the said city had two justices of the peace, and still has, and one police judge, and still has, as provided by law.

"(2)   That said Neosho county is a part of the seventh judicial district of the state of Kansas, which is composed of Neosho and Wilson counties; that there are three terms of the district court held in each

county, annually, as provided by law, at Fredonia in Wilson county, and at Erie in Neosho county, sixteen miles distant from Chanute; that the population of Neosho county is 23,414, that of Wilson county 19,261, making a total population of said judicial district of 42,675.

"(3)   That the said plaintiff has been a resident and citizen of said city of Chanute for the past five years, and at the election held in said city in April, 1905, was duly elected police judge of said city for the period of two years, and until his successor should be elected and qualified; that he duly qualified for said office, and immediately thereafter entered upon the duties thereof.

"(4)   That the special act of the legislature creating the city court of Chanute was passed and published as set forth in the defendant's answer; that the defendant has been a resident and citizen of the said city of Chanute for and during the past five years, and was duly appointed judge thereof, and duly qualified therefor, as provided by said act and as in said answer alleged.

"(5)   That soon after said defendant had qualified as judge of said city court, and on or about March 1, 1907, he assumed all the duties required of said court as provided by said act, since which time he has continued to discharge the duties imposed upon him by said act as judge of said court, and that in the discharge of his said duties the defendant has heard and determined all cases arising under the ordinances of said city.

"(6)   That the defendant in the discharge of his said duties has occupied the city hall in the city of Chanute, pursuant to said act; that said city hall is a public building in which the mayor and council hold their meetings in said city, and in which several city officers have their offices, including, in one division or part thereof, the office of the police judge of said city; that the defendant has never occupied the division or part thereof occupied by the police judge, but has held court at all times in the main part of said city hall, known as the council chamber, which is in the same room as said office of said police judge, but is a different division or part of said city hall."

The question principally argued was the constitutionality of the act referred to in the answer.   The

plaintiff contends that the act is in violation of section 17 of article 2 of the constitution, as amended in 1906, forbidding the enactment of a special law where a general law can be made applicable; that it violates section 1 of article 12, prohibiting the legislature from passing special acts conferring corporate powers, and providing that corporations shall be created under general laws; and that it is in violation of section 5 of the same article, requiring provisions by general law for the organization of cities.

The questions so presented are interesting and important, especially in view of the duty devolved upon the courts by the amendment of 1906 to section 17 of article 2 of the constitution (Laws 1905, ch. 543) to construe and determine whether a law is repugnant to its provisions. A preliminary question, however, is presented and must be first determined, viz., whether the plaintiff can maintain this action. In the statement of facts it is agreed that the city has one police judge, as provided by law. The plaintiff was, and still is, such police judge. At the date of the alleged usurpation he was, and still is, in the possession of the office, in a room in the city hall duly provided for that purpose. There is no proof that his books or papers have been seized or interfered with; nor is it claimed or shown that he has been disturbed in his office, except that the defendant, as city judge, under the act referred to, has, ever since March 1, 1905, "heard and determined all cases arising under the ordinances of said city."

The prayer of the petition is that the defendant be ousted from the office of police judge and the plaintiff reinstalled therein. It appears, however, that the defendant has never taken possession of, or intruded into, that office, and that the plaintiff still remains installed therein. The real object of this action, therefore, is to oust the defendant from the office of judge of the city court, or from trying cases arising under the city ordinances as such judge; and the only inter-

est the plaintiff has in that office, or in the questions concerning its rightful existence, besides his common interest as a citizen and taxpayer, is the resulting loss he suffers from the fact that prosecutions for violations of the city ordinances are brought in the new court instead of being brought before him.

The remedy here sought is to be allowed where any person usurps, intrudes into, or unlawfully holds, any public office. (Code, § 653; Gen. Stat. 1901, § 5149.) The plaintiff in an action must be the real party in interest. He must have an interest in the subject of the action and the relief sought. (Code, §§ 26, 35; Gen. Stat. 1901, §§ 4454, 4463.) In a proceeding of this nature the proper party plaintiff must be determined by reference also to the following statute:

"When the action is brought by the attorney-general or the county attorney of any county of his own motion, or when directed to do so by competent authority, it shall be prosecuted in the name of the state, but where the action is brought by a person claiming an interest in the office, franchise, or corporation, or claiming any interest adverse to the franchise, gift or grant which is the subject of the action, it shall be prosecuted in the name and under the direction and at the expense of such persons. Whenever the action is brought against a person for usurping an office, by the attorney-general or the county attorney, he shall set forth in the petition the name of the person rightfully entitled to the office, and his right or title thereto. When the action in such case is brought by the person claiming title, he may claim and recover any damage he may have sustained." (Code, § 654; Gen. Stat. 1901, § 5150.)

In *Bartlett v. The State,* 13 Kan. 99, it was held that whenever any person usurps an office and attempts to hold it wrongfully, not only the state, but also any individual "who may be entitled to hold the office," may maintain the action. Again in the same opinion it was said: "Now as we have before stated, any individual in this state entitled to hold an office has such an interest therein that he may maintain an action in the

nature of *quo warranto* to oust any intruder there-from." (Page 102.)   The distinction indicated in that decision between actions for the benefit of the public and for the benefit of an individual has been adhered to in many cases. (*Turner v. Comm'rs of Jefferson County,* 10 Kan. 16; *Bobbett v. The State, ex rel. Dresher,* 10 Kan. 9; *Miller v. Town of Palermo,* 12 Kan. 14; *Graham v. Cowgill,* 13 Kan. 114; *The State, ex rel., v. Stock,* 38 Kan. 184, 16 Pac. 799; *State of Missouri ex rel. Kempf v. Boal,* 46 Mo. 528; *Commonwealth v. McCarter,* 98 Pa. St. 607; *The State v. Stein,* 13 Neb. 529, 14 N. W. 481; *Demarest et al. v. Wickham,* 63 N. Y. 320; *State ex rel. Depue v. Matthews,* 44 W. Va. 372, 29 S. E. 994.)

The only interest, apart from that of a citizen and taxpayer, that the plaintiff has in the office of judge of the city court, or in the relief sought, is the incidental loss or diminution of fees resulting from the fact that prosecutions for violations of the city ordinances are brought in that court instead of before him. This is insufficient.

It cannot be claimed that the plaintiff can maintain the action to oust the defendant from the office of judge of the city court on the ground that he is entitled to that office, for he claims that no one is entitled thereto; and he cannot maintain the action to oust the defendant from the office of police judge, for he is already in possession of that office.

Upon the pleadings and agreed statement the plaintiff cannot maintain this action, and it is therefore dismissed.