(61 Misc. Rep. 514.)

### SUTLIFFE v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. December, 1908.)

MUNICIPAL CORPORATIONS (§ 220*)—EMPLOYES—SUMMARY REMOVAL—SALARY.

Where plaintiff had passed the necessary competitive examination provided by the civil service regulations, and had been appointed to a position with the city of New York, on summary removal, he can recover the amount of salary lost by such removal.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

Action by one Sutliffe against the City of New York. Judgment for plaintiff.

Spencer, Ordway & Wierun, for plaintiff.
Francis K. Pendleton, for defendant.

DAYTON, J. The plaintiff sues to recover salary at the rate of $2,000 per year from January 21, 1904, to July 30, 1907, with interest, for which claim judgment was directed. The undisputed facts are briefly as follows:

Plaintiff, having passed the necessary competitive examination, as provided by the civil service regulations, was on March 1, 1901, appointed clerk of the park board, in the department of parks, at a salary of $2,000 per annum, payable monthly. This position was at all the times mentioned in the complaint in the classified municipal civil service of the city of New York, being classified as a sixth-grade clerkship, approximately the highest grade for clerks in that service. On August 6, 1903, the plaintiff's duties, theretofore largely clerical, were defined by an amendment to the by-laws of the park board adopted that day, which read as follows:

"Article 2, section 1. Officers.—The officers of the board shall be: (1) President. (2) Secretary. (3). Assistant secretary. (4) Landscape architect. (5) Clerk. There shall also be such other employés as the board may determine. * * * Section 6. The clerk shall assist the secretary in the general work of the board, and in the absence of the secretary and assistant secretary shall be the acting assistant secretary and perform the duties prescribed in article 2, section 4, for the assistant secretary in the absence of the secretary. He shall also perform such other duties as may be required of him by the board."

Article 2, § 4, of the by-laws as then in force was as follows:

"Section 4. The assistant secretary shall assist the secretary in the general work of the board, and in the absence of the latter shall act in his stead. It shall also be his duty to perform the work incidental to the awarding and execution of contracts, and he shall perform such other duties as may be required of him by the board."

The plaintiff continued to occupy the position thus described until January 21, 1904, when he was summarily removed by a resolution abolishing the said position. No charges having been made against him, he commenced mandamus proceedings against the park board to compel his reinstatement, and such proceedings were thereafter had that upon July 29, 1907, pursuant to a final order of the Appellate Division, he was duly reinstated in his said position, and reassigned

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the performance of the duties connected therewith. He accepted reinstatement, entered upon the performance of the duties, and resigned his position on July 30, 1907. It is conceded that during the entire period in which he was deprived of his position he was elsewhere employed at a salary at all times equal to the $2,000 a year which he received as said clerk to the park board, and for at least a part of the time somewhat in excess of that amount.

It is the city's principal contention that the plaintiff was not such an officer of the municipality as should entitle him to claim the amount of his salary as an incident to the office under the well-settled rule; and much emphasis is placed upon the fact that the record contains no proof that plaintiff took an oath of office. For the purposes of this trial I deem this question to be immaterial. The plaintiff is suing the city for salary alleged to be due him by virtue of his incumbency of a certain position, to which he was duly appointed after having passed a competitive civil service examination, from which he was wrongfully removed, and to which he was duly reinstated. In his complaint he describes the position as "clerk of the park board in the department of parks of the city of New York." The allegation contained in the third paragraph of the complaint, to the effect that by the passage of a certain resolution the position became a public office, is a conclusion, and is therefore negligible. The complaint contains no other reference to the word "office." After reciting the facts connected with the plaintiff's appointment, removal, the mandamus proceedings, and the reinstatement, the complaint alleges in the ninth paragraph that "no part of the salary of plaintiff's said position" accruing during the period of ouster has been paid, and that there is now due the sum demanded, etc. Upon this complaint, if the city is indebted to the plaintiff for the salary mentioned, he may recover. And it makes no difference whether he may be technically termed an "officer" within the strict closeness of definition which has at times been found requisite to describe that condition of employment.

That the city is indebted to the plaintiff for the salary wrongfully withheld seems to me to be beyond successful dispute. The plaintiff held a position to which he had been duly appointed after a civil service examination, in accordance with the civil service regulations, at a fixed annual salary of $2,000, payable monthly. He could not be removed by the board which appointed him except upon charges and after a hearing. In other words, his tenure was practically for life, upon good behavior. His duties, though largely clerical, included at times important and responsible services, in which he was required to and did exercise some of the functions of both the secretary and assistant secretary of the board in their respective absence. The rule was well stated by Mr. Justice Rumsey in the case of O'Hara v. City of N. Y., 46 App. Div., at page 522, 62 N. Y. Supp., at page 149:

"The plaintiff was not a simple employé, holding his place at the will of the person who employed him; but his right to his place was regulated by statute, and his time of service was also regulated in the same way. * * * The nature of his duties is not particularly important. The case turns upon the right which the plaintiff had to the position to which he was appointed, and so long as the right to the position existed we think the rule should be

applied, which has come to be recognized in cases of this kind, that the right to the salary is an incident of the position from which one is irremovable, and as long as the position exists the right to the salary remains."

Affirmed 167 N. Y. 567, 60 N. E. 1117, on prevailing opinion below. See Martin v. City of N. Y., 82 App. Div. 35, 81 N. Y. Supp. 412, and cases there cited, affirmed 176 N. Y. 371, 68 N. E. 640.

The reasoning of this opinion is particularly applicable to the case under consideration. The city contends, however, that because the plaintiff has earned an amount equal to his salary during the period when he was deprived of his position the city is entitled to offset such earnings and plaintiff may not recover. Had the park board appointed a clerk in the place of the plaintiff and paid him the salary which the position carried, plaintiff would have had to content himself with an action for money had and received against the wrongful incumbent up to the time of reinstatement. Martin v. City of N. Y., supra. Such, however, was not the case, and, the plaintiff being within the rule which attaches the salary to the position from which (unless upon charges and a hearing) he was irremovable so long as that position existed (as has been shown above), the salary belongs to him as an incident, and he may sue for it, and recover the full amount withheld. Fitzsimmons v. City of Brooklyn, 102 N. Y. 538, 7 N. E. 787, 55 Am. Rep. 835.

It is argued in behalf of the city that this judgment mulcts the city in damages, since plaintiff has suffered no financial loss by reason of his wrongful removal. If this contention can be successfully asserted, the adjudged violation of law by the park board becomes of no consequence. If this be so, clerks entitled to the observation of civil service laws, rules, and regulations may be improperly deprived of the benefits and protection thereof without substantial recourse, unless they remain idle pending the ascertainment of their rights; while if they obtain equal compensation pending reinstatement, and which can be offset, an inducement is offered to officials to offend in this regard. Gutheil v. City of N. Y., 119 App. Div. 20, 103 N. Y. Supp. 972, cited by defendant, does not seem to contravene plaintiff's right to recover his salary for the period during which he was wrongfully prevented from performing his duties, notwithstanding his private earnings. See, also, Re McVay (Mr. Justice Scott) 116 N. Y. Supp. ——, and Re Watterson (Mr. Justice MacLean) no opinion filed. If the taxpayers must suffer, it is because of the wrongful acts of those whom, directly or indirectly, they have put in authority, whose duty toward the public service is governed by statute in this and similar cases.

Motion for new trial denied. Exception to defendant. Thirty days' stay of execution after entry of judgment. Sixty days to make case on appeal.