## YOUNG v. TOWN OF MORRIS.

No. 4193.   Opinion Filed July 13, 1915.

(150 Pac. 684.)

1.  **OFFICERS—Vacancy—Failure of Duty.** The law of this state requires that the incumbent of a public office shall devote his personal attention to the duties of the office to which he is elected or appointed (article 2, sec. 11, Const.), but does not contemplate that such officer shall lose his title to office because he may be absent for a short period of time, for any reason, and does not, during such period of time, personally give all his time and attention to the duties of his office. While such failure of duty may furnish grounds of removal, it does not **ipso facto** create a vacancy.

2.  **SAME—Compensation.** The compensation of a public officer is a matter of statute, incidental to the office, and not of contract; nor does it depend on the amount or value of the services ren-

dered. While such officer holds the office, his right to the salary is in no wise impaired by his absence from office or neglect of duty.

(Syllabus by the Court.)

*Error from County Court, Okmulgee County;*

*George A. Johns, Judge.*

Action by Frank Young against the Town of Morris. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*James M. Hayes,* for plaintiff in error.

*C. B. McCrory,* for defendant in error.

SHARP, J. This action was instituted by plaintiff, in a justice court in Okmulgee county, according to the averments of the bill of particulars, to recover from the defendant salary for himself as town marshal, and one Hornbeck as deputy marshal, for the months of August and September, 1911. From the judgment rendered in the justice court, defendant appealed to the county court, where trial was had, the jury returning a verdict for the defendant. From the judgment rendered in accordance therewith, plaintiff brings error.

From the evidence it would seem to be plain that Young was the duly elected and qualified marshal of the town of Morris during August and September, 1911, and entitled to his salary for said months, unless it be that he had abandoned said office or had been removed therefrom. In June prior thereto, plaintiff, Young, secured the consent of the board of trustees of the town to confirm the appointment of one Hornbeck as deputy marshal, who would perform the duties of marshal (section 706, Rev. Laws 1910), but receive no salary therefor, except such as would be paid to him by Young. This arrangement, apparently was satisfactory to all parties until a meeting of the board of trustees, September 7th following, at which

time Young was informed that he must appoint another party as deputy marshal in the place of Hornbeck. This was not done, however, and Hornbeck continued to act as deputy until October 7th thereafter. During the larger part of the months of August and September, plaintiff worked as a carpenter in the construction of a house a mile from the town of Morris, and it was this fact upon which defendant attempts to base its claim that the office was abandoned, and that therefore plaintiff was not entitled to salary.

It is not contended that proceedings were at any time had to remove plaintiff as marshal, the only question of fact at the trial being: Did he prior to, or during the months of August and September, abandon the office of marshal? There is no evidence in the record that plaintiff did so abandon his office, other than that with the consent of the board of trustees he appointed a deputy, who was to act in his place and stead during the time plaintiff was absent from town. From the fact that the board confirmed plaintiff's appointment of Hornbeck as deputy, and at the meeting September 7th informed him that he must appoint some one else as deputy, it is clear that he was, at least up until that time, considered marshal of the town by the board of trustees. That he did not perform the duties of town marshal during the larger part of said months, and that most of said time he was engaged in the carpentry trade, did not prove an abandonment of the office—at least, not when taken in connection with the fact that Hornbeck was appointed deputy without pay other than that received from Young. Probably such a course of conduct as that pursued by plaintiff would be sufficient, if true, upon which to base an action for his removal, but it did not of itself, without any action of the proper authorities, remove him from the office to which he was elected. It is the purpose of the law of this state that the

incumbent of an office shall devote his personal attention to the duties of the office to which he is elected or appointed. Article 2, sec. 11, Const. But this does not mean that he shall lose his title to office because he may be absent or away for a short period of time, for any reason, and does not, during such period of time, personally give all of his time and attention to the duties of his office. That he does not fulfill the mandate of the Constitution would serve as grounds of removal, but would not *ipso facto* remove him.

The above provision of the Constitution is similar to article 2, sec. 18, of the Missouri Constitution, which was under consideration in the case of *State ex rel. Tilley v. Slover*, 113 Mo. 202, 20 S. W. 788. From the opinion in that case it must be concluded that it was not intended by said provision to remove a public official from office without a hearing. In *Christy v. Kingfisher*, 13 Okla. 585, 76 Pac. 135 (a case arising before the adoption of our Constitution), it was held, in effect, that while abandonment is clearly a cause for forfeiture of an office, it does not of itself create a completed vacancy, but a judicial determination of the fact is necessary to render it conclusive. In *State ex rel. Lee v. Chaney et al.*, 23 Okla. 788, 103 Pac. 133 (an opinion of this court since the adoption of the Constitution), the Christy Case was followed, and it was held that the mayor and counsel of a town had no power to try and remove a city marshal, because the procedure called for judicial action, and not the exercise of political or administrative power or action. Among the authorities supporting this rule are the following: *Sutliffe v. City of New York*, 61 Misc. Rep. 514, 115 N. Y. Supp. 186 (reversed in 132 App. Div. 831, 117 N. Y. Supp. 813, but this principle adhered to); *Attorney General ex rel. Moreland v. Maybury*, 141 Mich. 31, 104 N. W. 324, 113 Am. St. Rep. 512; *Bush v. State*, 10 Ga. App. 544, 73 S. E.

697; *Graham v. Cowgill,* 13 Kan. 114; Throop on Public Officers, sec. 421; Dillon, Municipal Corporations, secs. 480, 481.

It follows that plaintiff, during the months in question, still retaining the office of marshal, was entitled to the salary. The rule in such cases is that the salary of an official position belongs to the officer occupying such position as an incident to the office, and does not depend upon his performance of the duties of the office. The right of an officer to salary is such only as is prescribed by statute, and while he holds the office such right is in no wise impaired by his occasional or protracted absence from his office or the neglect of his duties. Such derelictions find their correction in the power of removal, impeachment, and punishment, provided by law. *Bates v. St. Louis,* 153 Mo. 18, 54 S. W. 439, 77 Am. St. Rep. 701; *Leonard v. City of Terre Haute,* 48 Ind. App. 104, 93 N. E. 872; *State ex rel. v. Gordon,* 245 Mo. 12, 149 S. W. 638; *Sutliffe v. City of New York, supra; Fitzsimmons v. Brooklyn,* 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835; *Emmitt v. Mayor,* 128 N. Y. 117, 28 N. E. 19; *Bergerow v. Parker,* 4 Cal. App. 169, 87 Pac. 248; *Adams v. Justices,* 21 Ga. 206; *Larsen v. St. Paul,* 83 Minn. 473, 86 N. W. 459; *Putnam v. County,* 25 S. D. 542, 548, 127 N. W. 641; 29 Cyc. 1423.

As said by Throop in his excellent work on Public Officers, sec. 500:

"The compensation for official services are not fixed upon any mere principle of *quantum meruit,* but upon the judgment and consideration of the Legislature, as a just medium for the services which the officer may be called upon to perform. These may, in some cases, be extravagant for the specific services, while in others they may furnish a remuneration which is wholly inadequate. The time and occasion may, from change of circumstances, render the service onerous and oppressive, and the Legis-

lature may also increase the duties to any extent it chooses; yet nothing additional to the statutory reward can be claimed by the officer. He accepts the office 'for better or for worse,' and whether oppressed with constant and overburdening cares, or enabled, from absence of claims upon his services, to devote his time to his own pursuits, his fees, salary, or statutory compensation constitutes what he can claim therefor, and is yet to be accorded, although he performs no substantial service, or neglects his duties. The fees or salary of office are *quicquid honorarium* and accrue from mere possession of the office."

There being error in the instruction given by the court, in the above regard, the judgment of the trial court should be reversed and the cause remanded for a new trial.

All the Justices concur.