**WEBB, Adm'x, v. CITY OF HUGO.**

No. 22981. Nov. 13, 1934.

Choice D. Holden and Hal Welch, for plaintiff in error.

Burke & Trice, for defendant in error.

OSBORN, J. W. Y. Webb was elected mayor of the city of Hugo for a term of two years, beginning May 2, 1927, and on March 24, 1929, he died. For approximately eight months prior to his death he was physically incapacitated from performing the duties of mayor, which included the duties of police judge. The duties of the office were performed by R. B. Margrave, president of the city council. This is an action by plaintiff, as administratrix of the estate of W. Y. Webb, to recover from the city the salary for the eight months in question. The cause was tried to the court, and a judgment rendered in favor of defendant, from which plaintiff appeals. The parties will be referred to as they appeared in the trial court.

There is no dispute as to the facts, the

cause being tried on an agreed stipulation. It is agreed that the salary for the mayor for the months in question was paid to Margrave, who performed the duties of mayor and police judge during said months.

In the case of Young v. Town of Morris, 47 Okla. 743, 150 P. 684, it is said:

"The rule in such cases is that the salary of an official position belongs to the officer occupying such position as an incident to the office, and does not depend upon his performance of the duties of the office. The right of an officer to salary is such only as is prescribed by statute, and while he holds the office such right is in no wise impaired by his occasional or protracted absence from his office or the neglect of his duties. Such derelictions find their correction in the power of removal, impeachment, and punishment provided by law. Bates v. St. Louis, 153 Mo. 18, 54 S. W. 439, 77 Am. St. Rep. 701; Leonard v. City of Terre Haute, 48 Ind. App. 104, 93 N. E. 872; State ex rel. v. Gordon, 245 Mo. 12, 149 S. W. 638; Sutliffe v. City of New York, 61 Miscl. Rep. 514, 115 N. Y. Supp. 186; Fitzsimmons v. Brooklyn, 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835; Emmitt v. Mayor, 128 N. Y. 117, 28 N. E. 19; Bergerow v. Parker, 4 Cal. App. 169, 87 P. 248; Adams v. Justices, 21 Ga. 206; Larsen v. St. Paul, 83 Minn. 473, 86 N. W. 459; Putnam v. Custer County, 25 S. D. 542, 548, 127 N. W. 641; 29 Cyc. 1423."

Under the doctrine well established by the above authorities, the mere fact that Webb did not perform the duties of the office for a period of time did not deprive him of the right to the compensation fixed by law. Defendant contends, however, that the above general rule is not applicable on account of the provisions of section 6378, O. S. 1931, as follows:

"When any vacancy shall happen in the office of mayor, the president of the city council, for the time being, shall exercise the duties of the office of mayor, until such vacancy be filled, and in case of a temporary absence or disability of the mayor, until he shall return, and during the time the said president shall act as mayor, he shall receive the same compensation that the mayor would be entitled to. In case of a vacancy in the office of mayor, more than 90 days prior to the next election, the person acting as mayor shall cause a new election to be held, giving ten days' notice thereof by proclamation."

Section 6355, O. S. 1931, provides as follows:

"The compensation of all city officers shall be fixed by ordinance, except as otherwise provided by law."

Ordinance No. 284, section 644, of the ordinances of Hugo provides:

"The mayor shall receive a salary of $200 per month, provided, however, that he must perform the duties of police judge of said city."

Defendant lays great stress upon that portion of section 6378, supra, which provides that the president of the council, when acting as mayor, "shall receive the same compensation that the mayor **would** be entitled to." It is argued that, since the officer performing the actual duties of the office is entitled to the mayor's salary, it would necessarily follow that the mayor would not be entitled to the said salary.

The statute deals with two contingencies. The first contemplates a vacancy in office. We find no difficulty in ascertaining the meaning of the statute where a vacancy is involved. In such event it is clear that only the officer performing the duties of the office would have a claim to the salary, but the statute goes further than this; it attempts to make provision for a situation where there is no vacancy, but a temporary absence or disability of the officer. It is urged that we should not give the statute such a construction as would impose the burden upon the municipality of paying two salaries. While this feature of the case is worthy of consideration, it is not the principal issue involved herein. The question presented here is whether or not the above statute, or that particular portion thereof above quoted, operates to forfeit the salary of a mayor for a period of temporary incapacity. All statutes are presumed to be enacted by the Legislature with full knowledge of the existing condition of the law and with reference to it and are to be construed in connection and in harmony with existing law and should not be given a construction at variance with established rules of law unless the intention to override such rules is clearly manifest. 59 C. J. p. 1038, par. 616. It is an ancient rule of law that temporary absence or incapacity to perform the duties of an office does not forfeit the right of the holder of the title thereof to the salary fixed and prescribed by law. We must assume that the Legislature had this well-established principle in mind when the above statute was enacted, and if it had been the intention of the Legislature to so forfeit any portion of the salary of an officer under such conditions, it would have so stated in plain and unmistakable language. The words "shall receive the same compensation that the mayor would be entitled to"

are not sufficient to divest the mayor of his salary for a period of disability during which time he was unable to perform the duties of the office. Considering the entire statute as a whole, in connection with existing principles of law, we are constrained to hold .hat such was not the intent of the Legislature. It is obvious that the language above quoted was intended to refer to a situation where a vacancy existed and was not intended to have application to a temporary absence or disability of the office-holder. In this case there was a disability of the mayor over a period of eight months, but the same rule would be applicable if the mayor was incapacitated for one day or was absent from one meeting. Therefore the adoption of the theory of the defendant would create a situation which could not have been contemplated by the lawmakers in the enactment of the above statute.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of plaintiff as prayed for in her petition.

RILEY, C. J., and SWINDALL, McNEILL, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and WELCH, JJ., absent.