## SMITHSON V. FALL RIVER COUNTY.

Laws 1897, Chap. 47, § 1, provides that the salaries of registers of deeds shall be regulated by the value of the property in their respective counties. Section 2 declares that, if the county commissioners deem it necessary, they may fix the number of clerks to be employed, and the compensation they shall receive, to be paid from the special salary fund or the county general fund by warrant. "*Provided*, That the total amount paid to the register of deeds for salary and clerk hire shall not exceed the amount of fees collected" by him. *Held*, that where a register of deeds had received all the fees collected by him, he was entitled to nothing more.

(Opinion filed July 10, 1901.)

Appeal from circuit court, Hughes county. HON. LORING E. GAFFY, Judge.

Action by Willaim W. Smithson against Fall River county to recover an alleged balance due as salary as register of deeds.

From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Albert Gunderson,* for appellant.

*S. Eugene Wilson,* State's Attorney, for respondent.

HANEY, J. Plaintiff appeals from an order sustaining a demurrer to his complaint on the ground that it does not state facts sufficient to constitute a cause of action. It contains the following well-pleaded facts: Defendant is one of the organized counties of this state. At the general election of 1898, plaintiff was elected register of deeds in and for the defendant county, and in due time qualified, and entered upon the discharge of his duties as such officer. The assessed value of property in the defendant county, as fixed by the state board of equalization for the preceding year, was $1,358,985. The total amount of fees collected by the plaintiff during January, February, and March, 1899, was $157.35, which was reported to the board of county commissioners, and retained by the plaintiff to apply on his salary. A properly verified claim for $112.65, the balance alleged to be due the plaintiff, was duly presented to and rejected by the board of county commissioners before this action was begun. It is conceded that the plaintiff's compensation is governed by the following statute:

"Section 1. The salaries of registers of deeds and county auditors shall be regulated by the value of the property in their respective counties, as fixed by the state board of equalization for the preceding year, as follows: They shall be entitled to receive five (5) mills on each dollar of the first one hundred thousand dollars ($100,-000) ; one (1) mill on each dollar of all sums in excess of such last named sum and less than five hundred thousand dollars ($500,000) ; one-quarter (¼) of one (1) mill on each dollar of all amounts in excess of said last named sum and less than one million, five hundred thousand dollars ($1,500,000) ; and one twenty-fifth (1-25) of one

mill on each dollar of all amounts in excess of said last named sum. *Provided,* that in counties having an assessed valuation of three hundred thousand dollars ($300,000) or less the salaries of registers of deeds and county auditors shall not exceed four hundred dollars ($400) and such salaries shall not in any county exceed one thousand, two hundred dollars ($1,200), which salaries shall be paid quarterly by warrants on the special salary fund or the county general fund.

"Sec. 2. If, in the judgment of the board of county commissioners of any county, it shall be deemed necessary for the prompt and accurate dispatch of business in the office of the register of deeds or county auditor that deputies or clerks be employed therein, they shall by resolution fix the number of clerks to be employed and the compensation which they shall receive, which compensation shall be paid monthly from the special salary fund or the county general fund by warrant. *Provided,* that the officer in whose office such deputies or clerks are to be employed shall have the sole power of appointing the same and removing them at pleasure. *Provided further, that the total amount paid to the register of deeds for salary and clerk hire shall not exceed the amount of fees collected by such officer as provided by law.* *Provided,* Also, this act shall not affect the salaries of registers of deeds and county auditors elected at the general election held November third, eighteen hundred ninety-six.

"Sec. 3. All acts and parts of acts in conflict with the provisions of this act are hereby repealed.

"Sec. 4. This act shall take effect and be in force from and after its passage and approval."

Laws 1897, chapter 47.

The language of the italicized proviso in section 2 is plain; its meaning unmistakable. There can be no doubt as to the legisla-

tive intent.  Less ambiguous language could hardly have been employed.  The amount of salary and clerk hire is limited by the receipts of the office.  Having received all the fees collected by him during the period mentioned in his pleading, the plaintiff was entitled to nothing more, and his complaint failed to state a cause of action.  The order of the circuit court is affirmed.