## PUTNAM v. CUSTER COUNTY.

Rev. Pol. Code, § 894, as amended by Sess. Laws 1903 c. 207, provides that the salaries of registers of deeds shall be regulated by the value of the property in their respective counties as fixed by the state board of equalization, as follows: Five mills on each dollar of the first $100, etc. Section 895 permits the county commissioners to authorize the appointment of deputy registers of deeds, but provides that the total amount paid to the register of deeds for salary and clerk hire shall not exceed the amount of fees collected by such officer, except as provided in the preceding section. **Held** that, in a county where a deputy or clerk is not employed, the salary of the register, as computed under amended section 894, is not limited by, and may exceed the fees collected and such limitation of fees collected only applies to a county in which a deputy or clerk is employed.

A monthly summary of fees collected by a register of deeds, made up from a memorandum of the miscellaneous items, and trans-

ferred in gross to a book called a "reception register," is not competent evidence of the fees collected by him; Pol. Code, § 1828, providing for an itemized account to be kept in a fee book.

In an action by a register of deeds against a county for a balance claimed to be due on his salary, error in permitting him to show the amount of fees received by him by incompetent evidence was not prejudicial to the county, since its only possible effect was to reduce the amount of recovery.

It is no defense, to an action by a register of deeds against a county for a balance claimed to be due on his salary, that he had not paid over the fees collected and kept an itemized account thereof, as required by law; the rule being that so long as an officer is permitted to remain in office he is entitled to the salary, in the absence of a statute establishing a different rule.

(Opinion filed, June 4, 1910.)

Appeal from Circuit Court, Custer County. Hon. LEVI McGEE, Judge.

Action by J. S. Putnam against Custer County. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Alfred T. Feay, State's Atty.,* and *E. L. Grantham,* for appellant. *W. E. Benedict,* for respondent.

SMITH, J. This is an appeal from the circuit court of Custer county.

At the general election in the year 1902, J. S. Putnam, the respondent, was duly elected to the office of register of deeds of Custer county, and in January, 1903, duly qualified and entered upon and continued the discharge of the duties of his office during his term of two years. During his entire term of office respondent collected the fees required to be collected by law, and for the months of January, February, March, and April, 1903, turned over to the treasurer of Custer county the amount of such fees. But during the balance of his term he failed and neglected to turn in to the treasurer any of such fees, but kept and appropriated the entire amount received. During his entire term of office the respondent wholly failed and neglected to keep the fee book required by section 1828 of the Political Code, but at certain intervals did file with the county auditor a statement, under oath, purporting to show the fees collected. After the expiration of

his term, respondent filed with the board of county commissioners of said county a claim for an alleged unpaid balance of salary due him as register of deeds, claiming that his salary should have been computed under the provisions of chapter 207 of the Session Laws of 1903, and alleging a balance due him for the year 1903 of $177.65, and for the year 1904 a balance of $586.55, which claim was disallowed. He now seeks to recover in this action the amount of this claim, with interest.

In his complaint the respondent alleges that the assessed valuation of Custer county, as fixed by the return of the state board of equalization, for the year 1902 was $1,310,431, and for the year 1903 $1,533,747, and alleges that, pursuant to the computation provided for in chapter 207, Laws of 1903, the salary due him for the year 1903 was $1,102.60, and for the year 1904 $1,151.35. He further alleges that during the year 1903 the total amount of the fees collected was the sum of $924.09, and that he was therefore entitled to recover a balance of $177.65, and for the year 1904 the total amount of fees collected was $564.80, leaving a balance due on salary of $586.55. The defendant county filed a demurrer to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, which was overruled by the trial court, and such ruling is assigned as error; but, in the view we take of this case, it is unnecessary to consider this assignment.

Upon the trial the court made and filed findings of fact and conclusions of law favorable to the respondent, and awarded him a judgment for a balance due on salary in the sum of $999.50, together with costs, against the county. Appellant presented to the court a motion for a new trial, alleging error in the overruling of the demurrer, error in the conclusions of law, and also in the reception of evidence, offered by respondent, to show the amount of fees collected by him as register during his term of office.

It is first contended by appellant that the trial court erred in computing respondent's salary upon the assessed valuation of property in Custer county during the years 1903 and 1904, pursuant to the provisions of chapter 207, Laws of 1903, and that the

amount of salary due respondent was limited to, and could not exceed, the amount of fees received or collected by him as register of deeds.

Section 894, Rev. Pol. Code, as amended by chapter 207, Sess. Laws 1903, reads as follows: "Salaries—How Determined. The salaries of registers of deeds and county auditors shall be regulated by the value of the property in their respective counties as fixed by the state board of equalization for the preceding year, as follows: They shall be entitled to receive five mills on each dollar of the first one hundred thousand dollars; one mill on each dollar of all sums in excess of such last named sum and less than five hundred thousand dollars; one quarter of one mill on each dollar of all amounts in excess of said last named sum and less than one million five hundred thousand dollars; and one twenty-fifth of one mill on each dollar of all amounts in excess of said last named sum: Provided, that in counties having a population not exceeding fifteen hundred or less the salaries of registers of deeds and county auditors shall be six hundred dollars per annum, and such salary shall not in any county exceed one thousand two hundred dollars: Provided further, that in counties having a population of twelve thousand or over the board of county commissioners may in their discretion allow a salary not exceeding fifteen hundred dollars per annum to the county auditor only which salary shall be paid quarterly by warrants on the special salary fund or on the county general fund. Approved March 11, 1903."

Section 895 reads: "If in the judgment of the board of county commissioners of any county, it shall be deemed necessary for the prompt and accurate dispatch of business in the office of the register of deeds or county auditor that deputies or clerks be employed therein, they shall by resolution fix the number of clerks to be employed and the compensation which they shall receive, which compensation shall be paid monthly from the special salary fund or the county general fund by warrant: Provided, that the officer in whose office such deputies or clerks are to be employed

shall have the sole power of appointing the same and removing them at pleasure: Provided further, that the total amount paid to the register of deeds for salary and. clerk hire shall not exceed the amount of fees collected by such officer except as provided in the preceding section."

Reading these two sections together, it seems perfectly clear that the latter section applies alike to all counties in the state, whenever clerks or deputies are employed under the resolution required by the board of county commissioners, and that it has no application whatever to any county where clerks or deputies are not so employed. The plain meaning and intention of the legisative enactment is that in counties in which the register of deeds himself performs all the duties of his office he shall receive the salary provided in section 894, but in counties where clerks or deputies are employed the total compensation paid for the entire work of the office, including the salary of the register himself as computed under section 894, shall not exceed the amount of fees collected. The last proviso of section 895 makes our conclusion entirely clear: "Provided further, that the total amount paid the register of deeds for salary and clerk hire shall not exceed the amount of fees collected by such officer, except as provided in the preceding section." It is plain that in counties where deputies or clerks are not employed the salary of the register, as computed under the preceding section, is not limited by, and may exceed, the fees collected. The language of these two sections is so plain and clear that it seems unnecessary to resort to preceding legislation by way of amendment and repeal as an aid to construction.

The addition of the last proviso above quoted clearly changes the interpretation of the statute as it existed when the case of Smithson v. Fall River County, 15 S. D. 34, 87 N. W. 1, was decided by this court, and it may be assumed, perhaps, that this change was the result of that decision. This proviso as it formerly read undoubtedly referred to the amount of fees collected by the register in every county, and the limitation was fixed by the fees received. By the proviso as changed the limitation by fees is wholly removed, except in those counties in which deputies or

clerks are permitted by resolution of the board of county com-
missioners, and in all other counties the salaries of register of
deeds are fixed and limited only by the provisions of the first
proviso in section 894, as amended by chapter 207, Laws 1903. It
does not appear in this case that any clerk or deputy was em-
ployed in respondent's office. We are of the opinion, therefore,
that the conclusion of the trial court that respondent's salary
should be fixed under the provisions of section 894 as amended is
correct.

As has been observed, he had not kept the fee book required
by law, which should have been the original and proper record
and evidence of the amount and items of such fees. On the trial
he called as a witness Henry E. Way, register of deeds, who pro-
duced a book, called a "reception register," containing certain
entries, which he testified was a record of his office kept for the
years 1903 and 1904. He was then asked: "State, if you will, the
amount of fees as indicated for the month of January, 1903." Ob-
jected to, as not the best evidence—overruled and exception. The
witness answered: "Fees for January, $92.50." Plaintiff then
offered in evidence pages 106 to 160 of the record, which was
objected to as incompetent, and an exception entered to the ruling
admitting it. Defendant then moved to strike out all of the
record, except so much thereof as constituted the reception register
proper, for the reason that there is no provision of law requiring
or authorizing an entry therein of fees received by the register,
and exception was entered to the denial of the motion. Plaintiff
was then called as a witness, and testified that "the reception
register shows every dollar that was received as fees by the register
of deeds during the years 1903 and 1904." On cross-examination
he testified that he kept a memorandum of the misellaneous items,
and at the end of the month transferred them in gross to this
book, and that all items not filing fees were entered under the
head of "Abstracts." Plaintiff then rested.

Upon the trial respondent, as plaintiff, assumed the burden of
proving the amount of fees collected and appropriated by him as
a credit upon the amount of his salary. This evidence is clearly

incompetent. The law does not provide for the entry of such matters in the reception register, and, even though it be held that the proper entries made in such book might be considered a substantial compliance with the statute—which we do not decide— yet the law does not provide for the entry of monthly summaries, such as are made here, in any book required to be kept as a record of the register's office. The law provides for an itemized account to be kept in the fee book, and does not provide for the entry of a monthly or other summary of the account in any book in his office. The only monthly or annual summary provided by the statute is that which the register is required to file with the county auditor, and which is made, of course, from the itemized account in the fee book. Pol. Code, § 1828. But this evidence, while wholly incompetent, cannot be deemed prejudicial to appellant, for the plain reason that its only possible effect was to reduce the amount of respondent's recovery; hence appellant could not be injured by its reception.

It is further contended by appellant that respondent should not be permitted to recover, because he is charged by law with a duty—to pay over fees collected and keep an itmized account thereof—which he has failed to perform. The decisions and text-writers, however, lay down the rule that, so long as an officer is permitted to remain in office he is entitled to the salary prescribed by law, even though his failure to perform his duties is made a crime, in the absence of a statute establishing a different rule. In People ex rel. Benoit v. Miller, 24 Mich. 458, 9 Am. Rep. 131, it was said: "He would not necessarily lose it, even by misconduct in office, unless removed from office." And in Throop's Public Officers it is said: "The right of an officer to his fees, emoluments, or salary is such only as is prescribed by statute; and while he holds office such right is in no way impaired by his occasional or protracted absence from his post, or neglect of his duties. Such derelictions find their corrections in the power of removal, impeachment, and punishment, provided by law." 29 Cyc. 1423.

It is perfectly clear that respondent might have been removed from office under the facts disclosed by this record (section 67,

Code, Cr. Proc.), and that he was guilty of a violation .of the criminal laws (Pen: Code, § 220, and sections 521, 522). ·But under the authorities no derelictions which do not amount to an abandonment of the office will work such forfeiture, .in the absence of a statute, until he is removed from office by the proper proceedings. The remedy for failure of duty is always at the command of the county, and the neglect or failure of the proper authorities to invoke it does not enlarge the powers of the court to give relief. We find no statutory provision authorizing the withholding of the salary of county officers for failure of duty, and the remedy by removal .from office or criminal proceedings appears to be exclusive.

We find no reversible error in the record, and the judgment and order of the trial court must therefore be affirmed.