# DAVID DIAMOND MITCHELL v. CITY OF ST. PAUL and Others.[1]

March 10, 1911.

Nos. 16,957—(234).

**Advertising city not a current and incidental expense.**

> The term current and incidental expenses, as used in St. Paul charter 1905, p. 37, subsec. 22, means the usual and reasonably necessary expenses, not otherwise provided for, of carrying into effect the powers and discharging the duties given and imposed by the charter. Advertising the city is not a current and incidental expense, but one which is payable only out of the contingent fund of $10,000 for promoting the welfare of the city.

Action in the district court for Ramsey county to restrain the city of St. Paul from making an appropriation of or paying $1,333.-32 to the Consolidated Publicity Bureau, and defendant Farnham, the city comptroller, from auditing or allowing any such claim, and defendant Farnsworth, the city treasurer, from paying any such claim or any part thereof and the other defendants from receiving the sums demanded. The facts are stated in the opinion. From an order, Olin B. Lewis, J., granting a temporary injunction, defendants appealed. Affirmed.

*J. C. Michael,* Corporation Attorney, and *Walter L. Chapin,* for appellants.

*John D. O'Brien* and *Dillon J. O'Brien,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Ramsey enjoining, pending the action, the city of St. Paul and its comptroller and treasurer from allowing and paying any money of the city to the defendant the Consolidated Publicity Bureau, or its manager. The here material facts, as shown by the record and briefly stated, are these:

[1] Reported in 130 N. W. 66.

The Consolidated Publicity Bureau, hereafter referred to as the bureau, is an unincorporated association organized in 1907 by public spirited citizens of St. Paul to advertise the city. It has built up a system of communication with newspapers throughout the United States, amounting at the present time to about one thousand newspapers issued daily, two hundred fifty issued weekly, besides one hundred fifty other publications; the latter representing stock interests, farm interests, and numerous other special lines. Matter furnished by it is published free by these papers, and it is of a character designed to bring to the public notice the city of St. Paul, its public buildings, institutions, conventions, assemblages, and all other current and suitable matter designed to attract attention and travel to the city. This matter is published in these mediums as current news matter and does not appear in any way in the form of paid advertising. The common council of the city of St. Paul, in February, 1910, established a publicity board of the city, and designated the mayor, the presidents of the municipal bodies and the city comptroller as such board, to have charge and control of the disbursements of municipal funds appropriated for publicity purposes. The board, after the service of an order to show cause herein why the temporary injunction should not issue, but before a hearing thereon, on August 30, 1910, by resolution, employed the bureau to carry on the work of advertising in the interest of the city, and appropriated $666.66 per month out of the general fund for such purpose, and ratified and approved the payment of like amounts for similar work for the months of May, June, July, and August, 1910. The common council provided in the budget for 1909 and 1910 a general fund for the current and incidental expenses of the city, in addition to other funds provided for in the charter, and also included a contingent fund of $10,000 to be used by the council for such purposes as it deemed calculated to promote the general welfare of the city. The tax was levied and collected, and with the exception of the contingent fund of $10,000, which has been exhausted, the money is in the treasury for the payment of claims so incurred. The appropriation of $8,000 out of the general fund for advertising purposes is outside of and in excess of the contingent fund of $10,000 authorized

to be included therein. Such advertising of the city tends to advance the commercial interests of the city, and indirectly at least to promote the general welfare of the city. The services for which compensation is claimed by the bureau were duly performed and of substantial value, and the tax levy for the general fund for the current and incidental expenses of the city included the expenses of maintaining the bureau, and the money to pay for its services is now in the city treasury.

The provisions of the charter of the city of St. Paul applicable to the facts stated are these: "The common council * * * shall have the power to appropriate money for city purposes only; * * * to provide a general fund for the current and incidental expenses of the city not hereinbefore specified and provided for, in which may be included a contingent fund not to exceed $10,000, to be used by the common council for such purposes as it shall deem calculated to promote the general welfare of the city." St. Paul Charter 1905, p. 16, § 48, and page 37, subsec. 22.

The allowance of a temporary injunction rests largely in the discretion of the court granting it, for the reason that its purpose is to maintain the status quo until the action can be heard and determined on the merits. It is quite obvious from the record that the trial judge did not abuse his discretion in so temporarily restraining the defendants, because it is far from clear that the claim in question can legally be paid out of the general fund provided for the current and incidental expenses of the city.

This leads to an affirmance of the order appealed from, but in view of the fact that the question of the proper construction of the charter provisions quoted has been thoroughly discussed by counsel, we deem it advisable to construe them. They must be construed as a whole, and effect be given to the limitation of the amount which may be included in the general fund as a contingent part thereof to be used for such purposes as the council may deem calculated to promote the general welfare of the city. This limitation indicates that appropriations from the general fund can only be made for the payment of the current and incidental expenses of the city, except that there may be added to such fund a sum, not exceeding $10,000, to be used

for such purposes as the council may from time to time deem calculated to promote the general welfare of the city. No other reasonable construction can be given to the charter provisions, and we so construe them. The term current and incidental expenses, as used in the charter, means the usual and reasonably necessary expenses, not otherwise provided for, of carrying into effect the powers and discharging the duties given and imposed by the charter. Advertising the city in the manner shown by the record does not fall within this general definition; but it is reasonably calculated to promote the general welfare of the city and therefore a purpose provided for by the contingent fund.

It follows that, this special fund having been exhausted, the claim here in question cannot be paid out of the general fund.

Order affirmed.