## CITY of SAND SPRINGS v. KRAUS.

No. 27311.   Sept. 28, 1937.

F. B. White, for plaintiff in error.

M. A. Breckinridge, for defendant in error.

PHELPS, J. The salary of the mayor of the city of Sand Springs was prescribed by the city charter to be $100 per month. The charter further provided that its provisions should be self-executing. The mayor is one of three city commissioners forming the governing body of the city. The salaries of the other two are set by ordinance.

The plaintiff in this action was formerly the mayor of the city, having served the term beginning in May of 1933 and ending in May of 1935. When he took office in May, 1933, he began receiving his $100 per month salary, and continued receiving it until the time hereinafter stated. The new fiscal year began on July 1, 1933, when shortly thereafter it became necessary to make up an estimate of needs for that fiscal year, for submission to the county excise board. The record is not clear whether such estimate was made up and actually filed with the excise board at or near that time. It appears that the city commissioners learned that the excise board would not approve an estimate the total amount of which would be sufficient to pay their own salaries in full and at the same time accomplish certain library improvements which were being demanded by the women composing the library board. In order, then, to obtain sufficient appropriations to accomplish said other improvements, the commissioners orally agreed among themselves informally, and without any official resolution to that effect, that they would suffer a reduction in their own salaries. Accordingly an estimate was submitted to the excise board, which bears the date of July 3, 1933, wherein the amount named as needed for paying the mayor's salary for the ensuing year was $660, which would have been $55 per month. This estimate bears the signature of the plaintiff as mayor, and of the other two city commissioners. There is no showing that the mayor protested against the filing of such estimate, but, on the contrary, all of the evidence indicates that the salary amounts were voluntarily reduced therein for the sole reason that the commissioners, including the mayor, anticipated that the excise board would not approve the other items if the salary items were submitted in the fully allowable amounts. The excise board substantially approved the estimate as to this item, allowing $600 as the mayor's salary.

The same thing happened the next year, as to the fiscal year 1934-1935. During both years the mayor drew his salary at $100 per month until the appropriation for that purpose was exhausted, after which he drew no salary nor made any claim therefor. After his term as mayor was ended he filed this action against the city for the difference between the total amount which he would have received at $100 per month and the total amount which he had actually received. The trial court gave the plaintiff judgment for that difference, and the defendant city appeals.

The principal contention made by the city is that recovery is prevented by section 26, art. 10, of the Constitution, forbidding municipal corporations from becoming indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, and our numerous decisions holding that recovery may not be had in the absence of an appropriation for that purpose, or where said appropriation has become exhausted prior to rendition of the services for which recovery is sought, and the qualifications of that rule. See Anadarko Funeral Home v. Scarth, 173 Okla. 103, 46 P. (2d) 539; Public Service Co. of Oklahoma v. City of Tulsa, 174 Okla. 58, 50 P. (2d) 166; Ryan, County Treas., v. Roach Drug Co., 113 Okla. 130, 239 P. 912; Ramsey v. Leeper, 168 Okla. 43, 31 P. (2d) 852.

Answering the argument of the defendant city, the plaintiff in his answer brief points out that the charter is self-executing, that it is the organic law of the city in the same sense that the Constitution is the organic law of the state, and he contends that since his salary is named in the charter itself, it was unnecessary that any appropriation be made therefor. He makes other allied contentions, in addition, but all of his argument hinges on that question.

The contention that it was unnecessary to make an appropriation is incorrect. The constitutional provisions and the statutes relating to fiscal management of municipalities and limiting the indebtedness thereof to the income and revenue provided are general

laws of the state, and are as applicable to the expenditures ordered by the charter of a city as to any other form of expenditure. Whether the mayor's salary is ordered by the charter or by ordinance, it nevertheless is payable, and necessarily so, out of the "income and revenue provided", and there can be no conception of what amount represents the income and revenue provided except by reference to the appropriation which is based upon the tax levy. And regardless of whether it is ordered by charter or by ordinance, the money with which to pay it is obtained, largely through taxation, from the citizens for whose protection section 26 of article 10 was enacted. Otherwise, such city officials could leave their own salaries, amounting in the aggregate to a considerable sum, entirely out of the estimate and cause an appropriation to be made which would tax the citizens to the constitutional limitation prescribed in section 9 of article 10, and then afterward by means of suit heap a still larger burden of taxation upon the citizens, thus evading the Constitution.

The city officials had the duty of including their salaries in the estimate, and of doing all things reasonably within their power to see that they were included within the appropriation. However unselfish their motives may have been, the fact remains that the condition was brought about by themselves, voluntarily, and that the following remarks from Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 255, 11 P. (2d) 500, 509, from the body of the opinion, and which were announced as law of the case in paragraphs 18 and 19 of syllabus (23, 24, and 25 of 11 P. [2d]), are probably even more applicable here than in that case:

"It is not only the duty of the taxing officials to make the appropriations in the order herein stated, but they may be required by mandamus to do so. Board of Education of City of Guthrie v. Excise Board of Logan County, 86 Okla. 24, 206 P. 517.

"Two questions are thus presented: First, where no appropriation has been made for the performance of constitutional governmental functions; and, second, where an appropriation has been made for those purposes and by reason of some unforeseen condition the appropriation made therefor is insufficient. * * *

"In answer to the first question, we are of the opinion that it is not only the duty of the county taxing officials to make appropriations for the performance of constitutional governmental functions, but that it is the duty of the officers charged with the performance of those functions to see that such appropriations are made. The constitutional officers charged with the performance of constitutional governmental functions may not sit idly by and see the entire income and revenue of a county appropriated for other purposes and then recover compensation for the performance of their duties. They are charged with knowledge of the fact that appropriations must be made, and if they fail to have appropriations made for the conduct of their offices, they are responsible for the condition in which they find themselves and they will not be permitted to recover a judgment against the county when no appropriation was made for the conduct of their offices."

It could hardly be argued that the mayor's claim in the instant case, whatever his status and whatever the effect of the city charter may be, is stronger than that of a constitutional officer performing county governmental functions. Too, in the instant case, the plaintiff and the other city commissioners did not merely "sit idly by", as in the case just quoted from, but the evidence is uncontroverted that they actually produced the situation which brought about the filing of this action. Clearly it was their duty in the first place to submit a proper estimate and request for appropriation. Secondly, if the appropriation was then not made by the excise board, and if they were entitled to it as a matter of law, the writ of mandamus was available to them. In that manner the salaries would have been within the income and revenue provided and appropriated for that purpose.

We cannot sanction such a dangerous precedent as would result from an affirmance of this judgment. The judgment is reversed, and the cause is remanded, with directions to enter judgment for the defendant.

BAYLESS, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.