## FIRST NAT. BANK OF NORMAN v. CITY OF NORMAN.

### No. 27785. Feb. 1, 1938.

Bob Howe and John Howard Payne, for plaintiff in error.

J. D. Holland, City Atty., for defendant in error.

PHELPS, J. An auditing company entered into a written contract with the city of Norman, Okla., to audit the books and accounts of the city, at a stipulated price per day, including hotel and traveling expenses, the work to begin at once and to continue until completed. The auditing company completed the audit and presented its claim for payment, which was refused. It then assigned its claim to the plaintiff, which brought suit for recovery of $1,369.39, representing the amount due for performance of the work. Judgment was entered for the defendant, and the plaintiff appeals.

On the date when the contract was signed by the parties the city's financial statement of estimated needs for the current fiscal year had already been made and had been approved by the county excise board. The work was completed within the same fiscal year. There was no appropriation for auditing, nor any request by the city for such appropriation. Therefore the claim of plaintiff is prohibited by section 26 of article 10 of the Oklahoma Constitution, unless the contentions of plaintiff hereinafter outlined are correct. We have so often discussed that question that further

repetition is not justified. See Anadarko Funeral Home v. Scarth, 173 Okla. 103, 46 P. (2d) 539, and cases cited; also Public Service Company of Oklahoma v. City of Tulsa, 174 Okla. 58, 50 P. (2d) 166. A case in many respects similar to the present one is Haskins & Sells v. Oklahoma City, 36 Okla. 57, 126 P. 204, where auditors suing on a similar contract were denied recovery.

The plaintiff, however, while admitting that no specific appropriation was made for auditing purposes, contends that a contingent fund may be expended for any legitimate purpose, such as paying accountants for auditing the city's books, and citing 44 C. J. 1161, and Woolsey v. City of Tulsa, 90 Okla. 205, 216 P. 126. In the Woolsey Case, a contingent fund existed in the appropriation for the city of Tulsa, and it was held proper to transfer from such fund to a specific fund for the purpose of buying a garbage disposal plant. It is unnecessary to decide, and we do not decide in the instant case, whether such a contingent fund is authorized under existing statutes in force in this state.

In general terms, where such funds exist, a contingent fund is ordinarily a fund which is set up from which to pay items of expense which will necessarily arise during the year, but which cannot appropriately be classified under any of the specific purposes for which other taxes are levied. 1 Pope's Legal Definitions, 273; People v. Cairo, V. & C. Ry. Co., 247 Ill. 363. See, also, McQuillin on Municipal Corporations, vol. 5, sec. 2179; State v. Kurtz, 110 Ohio St. 332, 144 N. E. 120; Mitchell v. St. Paul, 114 Minn. 141, 130 N. W. 66; Heston v. Atlantic City, 93 N. J. L. 317, 107 A. 820.

But we fail to find any contingent fund in the statement of appropriations for the defendant city. The entire appropriation for general government purposes was subdivided into items, each in a specific amount, for insurance, taxes against city property, election expenses, and interest on warrants. No item for "sundry contingent expenses" was included under the appropriation. The appropriation for "Mayor and Council" was itemized $3,000 for salary of officers and regular deputies and employees, and $150 for "Sundry contingent expenses". Under "City Attorney" there is an item of $100 for "Sundry contingent expenses", under "Police Department" there is $50 appropriated for "Sundry contingent expenses", and certain other amounts for sundry contingent expenses are itemized under appropriations for four other departments. Thus, seven departments of the city government

had their own small contingent funds, eight departments or appropriations did not have contingent funds, and there was no general contingent fund at all. The board of park commissioners had no appropriation other than "Sundry contingent expenses", in the sum of $1,000. The plaintiff draws attention to the fact that if the unexpended portions of all the appropriations for sundry contingent expenses of the various departments are added together, the total would exceed the plaintiff's claim, and therefore contends that allowance of the claim would not violate section 26 of article 10 of the state Constitution.

We are unable to agree with that contention. Lacking a specific appropriation for the purpose of auditing, the claim cannot be allowed unless, let us assume, as stated above, that it can be satisfied from a contingent fund. Clearly, even in that case, there is no such contingent fund existing in the city's appropriation in this case as will allow it. Had a supplemental appropriation been made, we would have a different question, but none was made. To permit the claim in the instant case would amount to a diversion of funds, without a supplemental appropriation, from the purposes for which they were appropriated. The $50 which was appropriated for sundry contingent expenses in the police department, for illustration, was an amount which was set up for such expenses in that department only, and not for general governmental or general municipal purposes. The specific appropriations for seven different departments would thereby be invaded for this general municipal purpose, and eight others would go free of the attack. We think the contention must almost carry its own refutation, and no further discussion is needed.

It is also contended that inasmuch as the city charter required an annual audit, no specific appropriation is needed anyway. This contention was set at rest in City of Sand Springs v. Kraus, 181 Okla. 6, 72 P. (2d) 726, wherein we held that such charter provisions (in that case the naming of the amount of the mayor's salary) do not exempt payment of the amount contemplated from the operation of section 26, art. 10, of the Constitution.

It is next contended that the city should be estopped to deny the claim, in view of the fact that it accepted the work and its officers afterwards led the auditing company to believe that the claim would be paid. This contention, when used as an attempt to avoid the effect of section 26 of article

10 of the Constitution, or statutory limita· tions on municipal indebtedness, has repeatedly been denied. The general rule is that individual equities do not affect the question. Indeed, if such were not the case, then the constitutional provision could be of little practical benefit, for it is difficult to conceive of a case wherein the municipality is relieved from liability under this section, yet where the plaintiff is not in position to urge estoppel as it is known and applied in common actions. This argument was thoroughly discussed in Haskins & Sells v. Oklahoma City, supra; and was also passed upon in Incorporated Town of Jenks v. Pratt, 137 Okla. 156, 278 P. 331; Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 P. 720: Public Service Co. v. City of Tulsa, 174 Okla. 58, 59, 50 P.2d 166 at 168, 1st col. See, also, Edwards v. Sch. Dist., 117 Okla. 269, 235 P. 611, 246 P. 444.

There are no remaining propositions of plaintiff which may be said to be applicable or material to the question at issue. The judgment is correct, and it is hereby affirmed.

BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.