## BOARD OF COM'RS OF CADDO COUNTY v. LAWRENCE.

No. 27739.   March 15, 1938.

Rehearing Denied April 26, 1938.

Amos Stovall, County Atty., and Pruitt & Wamsley, for plaintiff in error.

A. J. Morris, for defendant in error.

GIBSON, J.   This action was commenced in the district court of Caddo county by R. L. Lawrence against the county to recover for the alleged unpaid portion of his salary earned by him as county judge. Judgment for the plaintiff below was rendered on the pleadings, and defendant has appealed. The parties will be referred to in the order of their appearance at the trial.

The allegations of the petition are that the plaintiff as county judge was entitled to a salary of $3,000 per annum as provided by section 7833, O. S. 1931, Laws 1910 11, c. 68, sec. 1; that during the fiscal year 1932-1933, although entitled to $250 per month, plaintiff, at the request of the county commissioners, filed his claim each month for only $200, which claims were duly paid; that at the end of said year he filed his claim for an additional $50 per month and that the same was disallowed. Plaintiff seeks judgment for $600 and interest.

In addition to a general denial, defendant attempts to plead a waiver on plaintiff's part of the unpaid balance of his salary as provided by section 7833, supra. In that respect it is alleged that the sum of $3,600 was duly appropriated for the combined salaries of the plaintiff and his court stenographer; that the plaintiff, contrary to his legal duty, knowingly permitted his stenographer to file a claim each month throughout said year for the sum of $100, aggregating $1,200, thus permitting a fund which in the beginning was sufficient to meet the payment of his own salary, the salary of a constitutional officer, to become exhausted in payment of the salary of a statutory employee; that in so doing the plaintiff waived that portion of his salary here sued for.

Plaintiff's reply denies the waiver and pleads that the act of the Legislature, section 7833, supra, was in itself alone a sufficient appropriation of funds for the payment of his salary in full.

The petition alleges that plaintiff's claim does not exceed the amount appropriated for the particular purpose for the year in question (section 26, art. 10, Const.). The answer concedes that there was more than enough appropriated for the payment of plaintiff's salary, but not enough to pay the statutory salaries of both the plaintiff and his stenographer.

The legal revenue of the county must be appropriated and used in defrayment of the cost of constitutional governmental functions in so far as may be necessary for that purpose. That is to say, compulsory indebtedness must first be met from the appropriations, then, within the limitation of said appropriations, as provided by section 26, art. 10, of the Constitution, voluntary indebtedness must be taken care of. Eaton v. St. L. & S. F. Ry. Co., 122 Okla. 143, 251 P. 1032; In re Protest K. C. S. Ry. Co., 157 Okla. 246, 11 P.2d 500. We held in the Eaton Case as follows:

"In order to give effect to the provisions of the Constitution, authorizing the payment of salaries and other essential expenses of government, and, at the same time observe the limitations provided in section 26, art. 10, upon incurring indebtedness, it is necessary that provision be made first for the essential expenses of government, and, if any margin is left after making such provision, we may then indulge in conveniences and luxuries up to the limit fixed by section 26, art. 10."

And the following rule is announced in the case In re Protest K. C. S. Ry. Co., supra:

"Until an appropriation has been made for the performance of constitutional governmental functions, no appropriation may be made for the performance of legislative governmental functions or for other expenditures of public funds."

The county judge is a constitutional officer. He is authorized to draw a salary from the county by the Constitution, sec. 18, Schedule; and that as fixed by statute. Id. He exercises a constitutional governmental function, and it is the duty of the county commissioners to see that his compensation is paid before exhausting the appropriation made for his office on other indebtedness. In re Protest K. C. S. Ry. Co., supra. Here the excise board appropriated for the county judge's office more than enough to pay his salary.

His salary for the year must, therefore, be considered as the first charge against this appropriation, leaving only the excess of the appropriation available for other purposes. Any claims against such appropriation, other than for the judge's salary, could be legally paid only from such excess appropriation and, if beyond, were void. The payment of all such void claims was wrongful, but such wrongful payment could not affect the claim for salary, payable from an appropriation which was sufficient in its inception and which could not lawfully be encumbered to the extent of the judge's salary by any other claims. Since the appropriation was lawfully made and legally sufficient, it cannot be said that the salary claim violated section 26 of article 10 of the Constitution. The fund was exhausted in payment of the salary of one not a constitutional officer. It is not the duty of a constitutional officer to stand by and see that the county commissioners do not misapply the appropriation out of which his salary must be paid.

Defendant insists that the rule announced in the case In re K C. S. Ry Co., supra, is controlling here. In that case many items stood protested before the Court of Tax Review. Concerning some of those items, this court said:

"The office of sheriff of a county is created by the provisions of the Constitution, but his salary, mileage, and expenses are fixed by legislative enactment and not by provisions of the Constitution. Such salary, mileage, and expenses are subject to the provisions of section 26, article 10, of the Constitution."

Above we have reached the conclusion that the salary of the county judge is a compulsory indebtedness. Our decision here would therefore seem to be in direct conflict with the holding last quoted. The sheriff is also a constitutional officer and his salary is definitely fixed by statute, yet the court there held that his salary, if he is to receive it, must be duly appropriated as provided by section 26, article 10, of the Constitution; and that decision would seem to place upon a constitutional official the duty of seeing that proper appropriation is made for his salary and all other expenses of his office, thus placing upon him the obligation to resort to mandamus against the excise board to compel them to perform their legal duty.

Upon careful examination of the aforesaid opinion, we have been unable to find where the statutory salary of the sheriff was under protest. The holding to that extent is apparently mere dictum. The rule announced is modified to exclude therefrom the salary of the sheriff. That is, the rule should not be extended to include the fixed salaries of constitutional officers, thereby requiring them to resort to mandamus to compel appropriations for the expense of constitutional government, the exact amount of which is charged to the knowledge of the excise board. Courts should not endow executive officials with powers neither recognized by the Constitution nor conferred by statute. To hold that the excise board need not appropriate funds for constitutional government, the amount of which is definitely predetermined by law, unless forced so to do by legal process, would result in that very thing, and would constitute judicial countenance of official misfeasance and defalcation. The county finds no satisfactory remedy in such case in punishing an innocent official by denying him his legal compensation.

Cases cited by defendant involving fees of justices of the peace are not in point here. The fees in such case are not fixed in definite amount by law; and other cases involving fees are likewise not in point. Board of Commissioners v. Jenness, 178 Okla. 54, 61 P.2d 724; Board of Commissioners v. Alexander, 171 Okla. 288, 42 P.2d 884.

Plaintiff has cited certain cases holding that a legislative act fixing the salary of an official is itself an appropriation. Battles v. Childers, 177 Okla. 589, 61 P.2d 253, and others. Those cases are not in point. They deal with salaries of state officers whose salaries are appropriated by the Legislature. For county officers, the excise board of the county makes the appropriation.

The next question presented is, Did the plaintiff, by filing monthly claims for only 80 per cent. of his legal salary and at the same time knowing that the remaining portion of the salary appropriation was being paid out to his stenographer, waive the 20 per cent. now sued for?

The general rule applied to the foregoing question is stated in 46 C. J. 1027, sec. 275, as follows:

"The acceptance of less compensation than that established by law for the office does not estop an officer from subsequently claiming the legal compensation."

Neither may an officer waive his salary as fixed by statute, for, as stated in Smith v. Minneapolis Threshing Mch. Co., 89 Okla. 156, 214 P. 178, 180, "a waiver to be operative, must be supported by an agreement founded upon a valuable consideration." The compensation of a public officer is not founded upon contract, but upon statute. Young v. Town of Morris, 47 Okla. 743, 150 P. 684. Therefore, a purported agreement, express or implied, entered into between public officials whereby one may consent to accept less than his statutory compensation, is without legal foundation to support it, and is void. Since it was impossible for a contractual relationship to exist between the parties in the instant case, the alleged waiver was without "an agreement founded upon a valuable consideration" to support it.

We conclude that the trial court did not err in rendering judgment for plaintiff on the pleadings.

The judgment is therefore affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur. RILEY and HURST, JJ., dissent. DAVISON, J., absent.