## JURD v. CITY OF TULSA.

No. 28250. May 17, 1938.

Rehearing Denied June 14, 1938.

Application for Leave to File Second Petition for Rehearing Denied June 28, 1938.

Kleinschmidt & Johnson, for plaintiff in error.

H. O. Bland, E. M. Gallaher, and Milton W. Hardy, for defendant in error.

PHELPS, J. The plaintiff, a member of the fire department of the city of Tulsa, instituted this action to recover the difference between the salary actually paid him during a certain period of time and the amount he would have received had he been paid the salary prescribed by ordinance. The verdict of the jury and judgment of the court were for the defendant city, and the plaintiff appeals.

Prior to the beginning of the fiscal year involved, the members of the fire department entered into a contract with the mayor and city council whereunder said firemen agreed to accept a 10 per cent. reduction in their salaries, on account of the depression's having weakened the sources from which public funds were derived, and to save the bickering and arguing which would ensue from the enactment of a new ordinance lowering the salaries. That phase of the controversy (whether the contract was binding) is argued extensively by the parties, but due to the fact that the decisive question in this appeal is not related thereto, discussion of that question will be omitted.

The controlling point in this appeal is that if the city authorities had paid the plaintiff the full amount of salary pre-scribed by ordinance, they would have violated section 26 of article 10 of the Oklahoma Constitution. That section provides in substance that no municipal corporation shall become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year. On account of the agreement which had been made with the firemen to pay them a reduced salary, the estimate of financial needs of the city, as submitted to and approved by the county excise board, was for an amount which would and did pay the salaries as reduced, which amount was substantially smaller than the amount which would have been necessary to pay the salaries prescribed by the ordinance. The plaintiff was paid the reduced salary to which he had consented, and the present action is for the difference between the amount which he received and the amount prescribed by the ordinance. However, the uncontroverted evidence is that no appropriation existed out of which he could have been paid more. In other words, by paying him and others in his class the amount to which they had agreed, the appropriation became exhausted, and it would have been impossible to pay him or them the full amount prescribed by the ordinance, out of any existing appropriation.

The plaintiff contends that the lack of an appropriation to pay the part of his salary sued for does not bar his claim due to the fact that his salary was fixed by ordinance, and that the ordinance itself operated as an appropriation of the necessary amount. This question has lately been passed upon in City of Sand Springs v. Kraus, 181 Okla 6, 72 P.2d 726. In that case we held that payment of a city official's salary is subject to the constitutional limitation mentioned above, regardless of whether said salary is prescribed by the city charter or by ordinance. The first paragraph of the syllabus in that case, as prepared for 72 P.2d is:

"Mayor who accepted less salary than city charter provided could not recover balance from city on ground that charter was controlling, where appropriations of city had become exhausted, since charter provision did not exempt payment from operation of constitutional provision limiting indebtedness of municipality to amount of income and revenue provided for year. (Const. art. 10, sec. 26.)"

The following from that opinion is decisive of the point involved in this case:

"The principal contention made by the city is that recovery is prevented by section 26, art. 10 of the Constitution, forbidding

municipal corporations from becoming indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, and our numerous decisions holding that recovery may not be had in the absence of an appropriation for that purpose, or where said appropriation has become exhausted prior to rendition of the services for which recovery is sought, and the qualifications of that rule. See Anadarko Funeral Home v. Scarth, 173 Okla. 103, 46 P.2d 539; Public Service Co. of Oklahoma v. City of Tulsa, 174 Okla. 58, 50 P.2d 166; Ryan, County Treasurer, v. Roach Drug Co., 113 Okla. 130, 239 P. 912: Ramsey v. Leeper, 168 Okla. 43, 31 P.2d 852.

"Answering the argument of the defendant city, the plaintiff in his answer brief points out that the charter is self-executing, that it is the organic law of the city in the same sense that the Constitution is the organic law of the state, and he contends that since his salary is named in the charter itself, it was unnecessary that any appropriation be made therefor. He makes other allied contentions, in addition, but all of his argument hinges on that question.

"The contention that it was unnecessary to make an appropriation is incorrect. The constitutional provisions and the statutes relating to fiscal management of municipalities and limiting the indebtedness thereof to the income and revenue provided are general laws of the state, and are as applicable to the expenditures ordered by the charter of a city as to any other form of expenditure. Whether the mayor's salary is ordered by the charter or by ordinance, it nevertheless is payable, and necessarily so, out of the 'income and revenue provided,' and there can be no conception of what amount represents the income and revenue provided, except by reference to the appropriation which is based upon the tax levy; and regardless of whether it is ordered by charter or by ordinance, the money with which to pay it is obtained largely through taxation, from the citizens for whose protection section 26 of article 10 was enacted."

The plaintiff contends that there is a distinction between the present case and the Sand Springs Case, in that the plaintiff was under no duty to see that a proper appropriation was made. That portion of the opinion in the Sand Springs Case is not the basis of the opinion, but it is apparent that the opinion was based on two grounds, the main one being the portion hereinabove quoted, which was sufficient.

The doctrine announced in the Sand Springs Case, supra, was recently reaffirmed in First Nat. Bank of Norman v. City of Norman, 182 Okla. 7, 75 P.2d 1109, wherein it was held that although the city charter required an annual audit, it was necessary that an appropriation be made for paying the expenses of the audit, before the auditor could recover therefor.

Plaintiff cites Battles v. Childers, 177 Okla. 589, 61 P.2d 253, and other cases holding that when the Legislature prescribes the salary of a state officer the same is an appropriation in and of itself, and that the failure of the Legislature to make a specific appropriation for paying such salary does not defeat the right of the officeholder to recover it. The distinction between such cases and cases involving payment of salaries to officers of municipalities is based partially upon the fact that the people by the terms of the Constitution itself and through their representatives in the Legislature appropriate money and levy a tax for the payment of state officers, but section 26, article 10, does not apply to the state, and forbids municipalities incurring indebtedness in excess of the appropriation. This question was discussed in the Sand Springs Case, supra, and also in Board of Commissioners of Caddo County v. Lawrence, 182 Okla. 485, 78 P.2d 669.

Therein it was said:

"Plaintiff has cited certain cases holding that a legislative act fixing the salary of an official is itself an appropriation. Battles v. Childers, 177 Okla. 589, 51 P.2d 253, and others. Those cases are not in point. They deal with salaries of state officers whose salaries are appropriated by the Legislature. For county officers, the excise board of the county makes the appropriation."

The distinction between payment of salaries of constitutional officers and city officers whose salaries are fixed either by charter or ordinance has been sufficiently discussed in the decisions of this court that further treatment of the question is unnecessary.

There are a number of propositions urged by the plaintiff not related to the foregoing question, but it is unnecessary to discuss them, due to the fact that the constitutional provision under consideration would have required the reversal of his judgment even if the jury had found in his favor. That being the case, it is unnecessary to discuss the remaining propositions.

The judgment is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.