CITY OF MORRIS v. THOMPSON.

No. 30804. Jan. 12, 1943.

*138 P. 2d 92.*

R. A. Hockensmith, of Okmulgee, for plaintiff in error.

Richard A. Hays and James M. Hays, both of Okmulgee, for defendant in error.

DAVISON, J. This case is presented on appeal from the superior court of Okmulgee county. The question to be determined is whether Zene Thompson, who was city marshal of the city of Morris, a municipal corporation, during the fiscal year of 1939-1940, is entitled to recover from the municipality the sum of $250 which represents the unpaid portion of his salary for that year. The entire sum sought to be recovered is in excess of the estimate and appropriation made and approved by the excise board for such purpose.

The cause was tried to a jury in the court below and the plaintiff prevailed. The defendant municipality has appealed, thus reversing the order of appearance in this court. Our continued reference to the parties will be by their trial court designation. An examination of the instructions of the trial court discloses that recovery was permitted on the theory that the office of city marshal was an elective office and that the amount of the salary was fixed by ordinance before the plaintiff became city marshal.

The essential facts in this case are undisputed. The plaintiff was elected city marshal before the commencement of the fiscal year here involved. The ordinances of the city fixed his salary at $900 per year, or $75 per month.

The excise board approved an appropriation in the sum of $600 to pay such salary during the fiscal year. The plaintiff was paid $75 per month for July and August, 1939. During the remaining months of the fiscal year he was paid $50 per month, making a total payment of $650, which was $50 in excess of the amount appropriated.

On March 18, 1941 (more than eight months after the close of the fiscal year), this action was instituted.

Section 26 of article 10 of the Oklahoma Constitution prohibits any "county, city, town, township, school district or other political corporation or subdivision of the state" from becoming indebted in any year to an amount in excess of the income and revenue provided for such year without the assent of three-fifths of the voters thereof. There are some qualifications to the general rule as promulgated in the foregoing section of the Constitution. Such exceptions arise upon consideration of other provisions of the Constitution, but the case at bar does not fall within any of such exceptions.

Assuming without deciding that a city marshal is such a public official as is contemplated by section 10, supra, his remedy was to compel by mandamus an appropriation adequate to pay his compensation. This he did not do. He says that near the close of the fiscal year he requested a supplemental appropriation. That was a mere gesture and inadequate to excuse his failure to pursue an appropriate and timely remedy. He had known since the excise board approved the estimate, which was near the commencement of the fiscal year, that the appropriation would not be sufficient. In fact, beginning with September, the third month of the fiscal year, and continuing thereafter for the remaining ten consecutive months of the year, he drew only $50 per month instead of the $75 provided by ordinance.

The cases of City of Sand Springs v. Kraus, 181 Okla. 6, 72 P. 2d 726, and Jurd v. City of Tulsa, 183 Okla. 239, 80 P. 2d 596, are of controlling importance in the case at bar. In the Sand Springs case the mayor of a city was not permitted to recover judgment for salary in excess of appropriations. In the Tulsa case recovery was denied to a fireman. In the last-mentioned case was summarized the holding of the previous case in the following manner which is equally appropriate in the case at bar:

"The plaintiff contends that the lack of an appropriation to pay the part of his salary sued for does not bar his claim due to the fact that his salary was fixed by ordinance, and that the ordinance itself operated as an appropriation of the necessary amount. This question has lately been passed upon in City of Sand Springs v. Kraus, 181 Okla. 6, 72 P. 2d 726. In that case we held that payment of a city official's salary is subject to the constitutional limitation mentioned above, regardless of whether said salary is prescribed by the city charter or by ordinance. The first paragraph of the syllabus in that case, as prepared for 72 P. 2d is:

" 'Mayor who accepted less salary than city charter provided could not recover balance from city on ground that charter was controlling, where appropriations of city had become exhausted, since charter provision did not exempt payment from operation of constitutional provision limiting indebtedness of municipality to amount of income and revenue provided for year. (Const. art. 10, § 26).' "

The point is here made that an unappropriated cash balance in excess of the judgment herein rendered was carried forward into the subsequent fiscal year. That money, due to plaintiff's neglect, was not "earmarked" for the payment of plaintiff's claim and cannot now be so used. Thus, regardless of its existence, a judgment herein would violate the constitutional provision against indebtedness.

Upon authority of the foregoing cases the judgment of the trial court is reversed, with directions to enter judgment for the defendant municipality.

OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and CORN, V. C. J., concur in conclusion. RILEY and BAYLESS, JJ., absent.