Dear Director Woody,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Where a broker has entered into a listing agreement with a seller, can the broker comply with the seller's request that no offers less than the listing price shall be presented to the seller?
 I. The Oklahoma Statutes Require Transaction Brokers And Single-Party Brokers To Present All Written Offers To Sellers With Whom They Have Entered Into A Listing Agreement.
¶ 1 The Transaction and Single-Party Brokers statutes ("Act"), 59 O.S. 2001, §§ 858-351[59-858-351] through 858-363, became law in 2000. The Act expressly imposes on a broker the duty to timely present all written offers to a seller with whom the broker has entered into a listing agreement. Id. §§ 858-353(4)(a), 858-354(B)(4)(a). Subsection 858-353 governs transaction brokers[1] as follows:
 A transaction broker shall have the following duties and responsibilities:
. . . .
4. To exercise reasonable skill and care including:
 a. timely presentation of all written offers and counteroffers[.]
Id.
¶ 2 Subsection 858-354 applies to single-party brokers[2]
as follows:
 B. The single-party broker shall have the following duties and responsibilities:
. . . .
4. To exercise reasonable skill and care including:
 a. timely presentation of all written offers and counteroffers,
. . . .
 g. obeying the specific directions of the party for whom the single-party broker is performing services that are not contrary to applicable statutes and rules or contrary to the terms of a contract between the parties to the transaction.
Id.
¶ 3 The language of these provisions is plain and their evident meaning must be accepted — that all written offers shall be presented to the seller. See Mindemann v. Indep. Sch. Dist. No.6, 771 P.2d 996, 1001 (Okla. 1989) ("There is no room for construction or provision for further inquiry when the statute plainly speaks and its evident meaning must be accepted.").
¶ 4 The Act does not contain any statutory exceptions to its mandate that a broker shall present all written offers to a seller with whom he or she has a listing agreement. Exceptions to the mandate requiring brokers to present all written offers to sellers cannot be read into the Act, where no such exceptions have been expressed in the Act by the Legislature. See In re MidAm. Peterbilt, 593 P.2d 499, 502 (Okla. 1979) ("We will not read into a statute exceptions that are not made therein by the Legislature.").
 II. The Act's Requirement That A Single-Party Broker Shall Obey The Specific Directions Of A Seller With Whom He Or She Has A Listing Agreement Does Not Authorize A Single-Party Broker To Comply With A Seller's Request That No Offers Less Than The Listing Price Shall Be Presented To The Seller.
¶ 5 The Act imposes an additional requirement on single-party brokers which is not imposed on transaction brokers. The Act requires a single-party broker to obey the specific directions of a seller for whom the single-party broker is performing services "that are not contrary to applicable statutes and rules or contrary to the terms of a contract between the parties to the transaction." 59 O.S. 2001, § 858-354[59-858-354](B)(4)(g) (emphasis added). A seller's directions to a single-party broker that no offers less than the listing price shall be presented to the seller iscontrary to the Act's directive (discussed in Section I above) requiring all written offers to be timely presented to the seller. Id. §§ 858-353(4)(a), 858-354(B)(4)(a).
¶ 6 Moreover, in enacting Section 858-354(B)(4)(g), requiring a single-party broker to obey the directions of the seller "thatare not contrary to applicable statutes and rules," the Legislature was presumably aware of the Oklahoma Real Estate Commission's existing administrative rule, declaring a broker's failure to present a bona fide offer[3] to the seller as "untrustworthy, improper, fraudulent, or dishonest dealing[s]." OAC 605:10-17-4(10)-(11) (2001). See Webb v. City of Hugo,37 P.2d 621, 623 (Okla. 1934) ("All statutes are presumed to be enacted by the Legislature with full knowledge of the existing condition of the law and with reference to it and are to be construed in connection and in harmony with existing law. . . .").
¶ 7 Because a single-party broker is not required to obey directions from a seller that are "contrary to applicablestatutes and rules," and because a seller's request that a single-party broker should not present below-listing-price offers to the seller is contrary to provisions of the Act and theOklahoma Real Estate Commission's administrative rules, which require all bona fide offers to be presented to the seller, a single-party broker cannot comply with a seller's request not to present below-listing-price offers. Presumably, prohibiting a single-party broker from agreeing not to present below-listing-price offers to the seller prevents any possibility that a single-party broker might exert influence (undue or otherwise) on a seller not to consider below-listing-price offers.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Where a broker enters into a listing agreement with a seller, the broker cannot comply with the seller's request not to present offers which are less than the seller's listing price without violating the provisions of the Transaction and Single-Party Brokers statutes and the Oklahoma Real Estate Commission's administrative rules, which require a broker to present all bona fide offers to the seller. 59 O.S. 2001, §§ 858-353(4)(a), 858-354(B)(4)(a); OAC 605:10-17-4(10)-(11).
 The Transaction and Single-Party Brokers statutes' requirement that a single-party broker shall obey the seller's directions which are not contrary to applicable statutes and administrative rules (id. § 858-354(B)(4)(g)), does not authorize a single-party broker to comply with a seller's request not to present offers less than the seller's listing price because such a request by the seller is contrary to provisions of the Transaction and Single-Party Brokers statutes (id. §§ 858-353(4)(a), 858-354(B)(4)(a)) and the Oklahoma Real Estate Commissions's administrative rules (OAC 605:10-17-4(10), (11)) requiring all written offers to be presented to the seller.
W.A. DREW EDMONDSON Attorney General of Oklahoma
JANIS W. PRESLAR Assistant Attorney General
[1] "Transaction broker" is defined by the Act as "a broker who provides services by assisting a party in a transaction without being an advocate for the benefit of that party." 59 O.S. 2001, § 858-351[59-858-351](5).
[2] A "[s]ingle-party broker" is defined by the Act as "a broker who has entered into a written brokerage agreement with a party in a transaction to provide services for the benefit of that party[.]" 59 O.S. 2001, § 858-351[59-858-351](3).
[3] "Bona fide offer" is defined by the Oklahoma Real Estate Commission as "an offer in writing." OAC 605:10-1-2 (2001).